Trisha Tennyson
266 Reservation Road
Salinas, Ca. 93907
(805) 300-3670
trishatennyson@yahoo.com

Trisha Tennyson,

*in pro per*

**FILED** ⑤

MAY 28 2024

SMC
NP
C

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Trisha Tennyson

Plaintiff(s),

vs.

County of Monterey, Monterey County Animal Control, Salinas Animal Control; Cindy Burnham-Director; ACO Petra Lewis; ACO Valeska Lujan; ACO Sylvia Camacho, Animal Friends Rescue Project (AFRP); Darla Barnes-Smith; Debra Long; Samantha Martin DVM; Sarah Szody (Hoshii); Nathalie Bugay; Maria Skytta; Pet Food Express; Michael Levy, Mark Witriol, Rainier Partners, PetCo Animal Supplies; William Sullenberger DVM; Bluebearl Veterinary Hospitals; Mars Inc, SPCA of Monterey County; Scott Delucchi-CEO; Susan Imwalle; Paul Hoffman, Monterey County Office of District Attorney; ADA Robin Duffy, ADA Does 1-50, Other Defendant Does 1-100

Defendant(s).

Case No :

**C  24  03191  SVK**

**Civil Rights Violation** (s)  42 USC 1983- 1ˢᵗ, 4ᵗʰ, 8ᵗʰ, 14ᵗʰ  Amendments
Civil Rights Violation(s) 42U.S.C. 1985
Civil Rights Violations(s) 42 U.S.C. 12203

**Supplemental State Claims**:

**Fraud**
**Trespass to Chattels**
**Discrimination-Title VI  Unruh CCA Section 51**
**Willful Malfeasance**
**Willful Nonfeasance**
**Willful Misfeasance**
**Promissory Estoppel-Detrimental Reliance**
**Promissory Fraud**
**Misuse of Public Position**
**Defamation- Slander/libel**
**Reparation-** Unjust Enrichment
**Obstruction of Justice** (18 USC 1509)
**Malicious Prosecution / Overzealous Abuse of Process**
**Intentional Infliction of Emotional Distress**
**Ex-Parte Writ of Possession/Replevin/ Conversion**

- 1 -

COMPLAINT

1. **Plaintiff(s), TRISHA TENNYSON,** (hereinafter, '**PLAINTIFF**') brings this action for damages based upon federal and state civil rights violations committed by **Defendant(s) County Of Monterey (hereinafter Defendant County)** and its respective officials, peace officers, employees and/or agents, **Monterey County Animal Control (hereinafter MCAC) Salinas Animal Control (hereinafter SAC), Animal Control Director Cindy Burnham (hereinafter Defendant Burnham), Animal Control Officer Petra Lewis (hereinafter Defendant Lewis), ACO Valeska Lujan (hereinafter Defendant Lujan), ACO Sylvia Camacho (hereinafter Defendant Camacho), Animal Friends Rescue Project (hereinafter AFRP), Darla Barnes-Smith (hereinafter Defendant Barnes-Smith), Samantha Martin DVM (hereinafter Defendant Martin), Sarah Szody (Hoshii) (hereinafter Defendant Hoshii), Natalie Bugay (hereinafter Defendant Bugay) Maria Skytta (hereinafter Defendant Skytta), Debra Long (hereinafter Defendant Long), SPCA of Monterey County (hereinafter Defendant SPCA), Scott Delucchi (hereinafter Defendant Delucchi, Paul Hoffman (hereinafter Defendant Hoffman), Susan Imwalle (hereinafter Defendant Imwalle), William Sullenberger DVM (hereinafter Defendant Sullenberger), Bluepearl Veterinary Hospitals (hereinafter Defendant Bluepearl), Mars INC. (hereinafter Defendant Mars), Pet Food Express (hereinafter Defendant Pet Food Express), Michael Levy (hereinafter Defendant Levy), Mark Witriol (hereinafter Defendant Witriol), Rainier Partners (hereinafter Defentant Rainier), PetCo Animal Supplies INC (hereinafter Defendant Petco), Monterey County Office of the District Attorney (hereinafter Defendant D.A.), Assistant District Attorney Robin Duffy (hereinafter Defendant Duffy), ADA'S 1-50, Other Defendants 1-100** inclusive (**hereinafter, 'DEFENDANT(S)')** and each of them.

2. This case is brought pursuant to 42 U.S.C. § 1983 & § 1988 and California State law. Federal jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (a) (1-4). This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S. C. § 1367(a).

## JURISDICTION

3.   **Plaintiff(s)** brings this case pursuant to 42 U.S.C. § 1983 & § U.S.C. 1988 and California state law. Jurisdiction is based upon 28 U.S.C. § 1331 & § 1343 (a) (1-4). Supplemental jurisdiction exists over the state claims and **Defendant(s)** pursuant to 28 U.S.C. § 1367.

## IMMUNITY

4.   **Qualified** and/or **Absolute Immunity** would not apply to any and all **Defendants(s)** named in this complaint who are recognized as employees, officials, and/or agents of Monterey County and **Defendant Monterey County**, as each, solely, and inclusively, did so willingly and negligently, participate and act outside their scope of practice, legal duties, authority, and the law that governs them.

5.   No immunity exists where private actors conspire with state officers.  (Monell v. Dept. of Soc. Serv.  436 U.S. 658), (Monroe v. Pape, 365 U.S. 167 (1961) (1) (2, a, b, c, d).

6. **Sovereign Immunity** does not apply nor should be granted to **Defendants County, City** or their employees, agents, representatives, appointees, and any all past and present employees, agents, representatives, appointees of named **City** and **County**, as the County and City named in this complaint requires a form to be submitted prior to any potential litigation. This constitutes '**implied consent**'.

> *Legal Information Institute, Cornell School of Law- Implied Consent*
> *'is the agreement given by a person's action (even just a gesture) or inaction*
> *or can be inferred from certain circumstances by any reasonable person'.*

7.  The requirement of this form therefore, gives '**consent to litigation**' and **waives** any such claim to **Sovereign Immunity**.

8.  **Plaintiff** submitted the required form to **Defendant County** and was promptly dismissed by the insurance company indicating, 'this is not a county a matter, but a city matter'.  **Monterey County Animal Control** and **Salinas Animal Control** merged in 2017 and are overseen by **Defendant Burnham.**

1

<u>**VENUE**</u>

2    9.  The claims alleged herein arose from events or omissions that occurred in the County of

3  Monterey. Therefore, venue lies in the Northern District of California pursuant to 28 U.S.C. §

4  1391(b) (2)

5  **<u>INTRODUCTION</u>**

6    10.  This action arises out of the willful, reckless, negligent, unlawful, malicious, and

7  collusive conduct of the **Defendant(s)** one and all named in this complaint. Wherein, **Defendant(s)**

8  each of them, solely and/or in concert, willfully conspired to deprive **Plaintiff Tennyson** of her

9  rightfully owned **PETS,** of her constitutionally protected right's and due to their actions, solely

10  and/or in concert, caused irreparable harm/damages to the **PETS** and to **Plaintiff.**

11    11.  On or about October 21, 2021 **Defendant MCAC/SAC**, whose actions set the incidences

12  in motion, confiscated **Plaintiffs Pets** while she was fighting for her life in the hospital.

13    12.  The pets that were confiscated were two cats that personally belonged to **Plaintiff** and

14  the rest were from feral colonies that Plaintiff was trying to find homes for. **Plaintiff's** 18 year old

15  cat, **Stinky**, who she has owned since he was 2 weeks old and Gizmo, a 6 mo. old feral take in,

16  was with her at the time. Stinky was trained to assist in the capture of kittens and or juvenile cats

17  when a trap could not be placed. Gizmo was in training. The feral cats comprised of 6 juveniles

18  and two litters of 2-3 week old, kittens.

19    13.  Prior to driving herself to the hospital, **Plaintiff** was going to an adoption event with

20  the juvenile cats to attempt to get them adopted. **Plaintiff** visited a field that was about to be plowed

21  under. Two kittens had already been killed and the man running the equipment assisted **Plaintiff**

22  with taking the remaining kittens out of harm way.

23    14.  **Plaintiff,** at the time did not realize how sick she was, nor for how low long. It would

24  later be determined that Plaintiffs health was in decline for about two years.  On this day,

25  she felt she could not continue to the adoption event and instead drove herself to the hospital.

26    15.  It was at this location where the wrongful acts and/or omissions took place.

27

28

COMPLAINT

16.    **Defendant Camacho** while under the employ of **MCAC/SAC,** and with blatant disregard of, the state law that governs her/them, and of the rights and the welfare of the **Pets** and **Plaintiff,** and usurping the hospitals instructions to **MASK** and **GOWN BEFORE ENTERING**, did so willfully, with intent and purpose, enter **Plaintiffs** hospital room. **Plaintiff** was then informed of a confiscation/seizure of her **Pets** and told by **Defendant Camacho** that a friend could not assist her and her only option was surrender. **Defendant Camacho** at that moment, violated **California State Penal Code § 597.**

17.    **ANY** violation and/or misrepresentation, of any aspect and/or section of Ca. Penal Code § 597, deems the entire code violated.

18.    Violation of Ca. Penal Code § 597 on the part of **Defendant MCAC/SAC,** renders all their actions at the time and thereafter, **illegal.**

19.    Due to the violation of Ca. Penal Code § 597, Defendant **MCAC/SAC** did not have the authority and/or were not operating within the law, regardless of the reasoning and/or belief on the part of **Defendant(s) MCAC/SAC, Lujan** and **Camacho,** as to the justification of their actions, their willful disregard and subsequent egregious violation of Ca. Penal Code 597, thus renders their rules, stipulations, requirements and/or rules specifically mentioned in the code, in order for **Plaintiff** to reclaim her pets as described herein, **unenforceable** and **illegal.**.

20.    Ca. Penal § 597 governs <u>**ALL**</u> animal control agencies, rescue groups and any and all aspects of animal care and control within the state of California.

21.    Once the confiscation/seizure occurred, **Defendant(s) MCAC/SAC, Lujan** and **Camacho** were then under statutory duty to give **Plaintiff WRITTEN** and **VERBAL** instructions as to her **RIGHT** to a **POST SEIZURE HEARING** to reclaim her **PETS.**

22.    **Defendant(s) MCAC/SAC, Burnham,** and **Barnes-Smith,** made utterances to third parties that **Plaintiff** was an 'animal hoarder', 'living in a van with 22 cats' thus **SLANDERING** and impugning her dignity and reputation.

23. **Defendant Burnham**, without authority, illegally demanded unenforceable stipulations to be met, adopted out the juvenile cats, euthanized the kittens and turned **Plaintiff(s) Pets** over to **Defendant Barnes-Smith's** rescue Group.

24. **Defendant Burnham**, and **Lujan** used **Plaintiffs** illness against her in an attempt to keep her from reclaiming her **Pets** and made stipulations for reclaiming her pets that were illegal and not enforceable due to the Violation of Ca. Penal Code § 597 .

25. **Defendant(s) Bluepearl, Sullenberger**, and SPCA accused **Plaintiff** of 'neglect' and 'abuse' of an animal when she tried to get her pet released from **Defendant Bluepearl** for a second opinion.

26. **Defendant(s) Duffy** and **D.A.** filed baseless and **OVERZEALOUS** charges against **Plaintiff(s).**

27. **Plaintiff(s)** believes and therefore alleges, these baseless charges and **OVERZEALOUS** actions by **Defendant**(s) **Duffy** and **D.A.** were merely an attempt to delay and/or subvert the civil suit by **Plaintiff(s)** against **Defendant Barnes-Smith** and to protect, honor, and/or respect the unethical relationship the **Defendant**(s) enjoy.

28. Due to these charges **Plaintiff(s)** civil suit against **Defendant Barnes-Smith** was greatly impacted and resulted in the loss of a **'Writ of Possession'.**

        (A) Judge Vallarta, overseeing the civil suit, ruled against **Plaintiff**(s) Writ of Possession when she heard the word **FELONY.**

        (B) **Plaintiff(s)** was unable to appear on certain civil suit days as they overlapped with the criminal matter where she was **REQUIRED** to attend.

        (C) **Defendant Barnes-Smith's** attorney in the civil matter scheduled **Plaintiff(s)** for a deposition on the exact date and time she was required to be in criminal court.

29. **Plaintiff(s)** believes, **Defendant Barnes-Smith's attorney of record, Liz Cristie,** with **MALICE** and consciousness of thought, schedule the deposition meeting on the exact date and time of the criminal matter in order to **subvert** these proceedings and create undue delay in an

1  attempt to get **Plaintiff** to dismiss her suit.  **Plaintiff** informed **Attorney Cristie** via email, that
2  she would honor the deposition subpoena for any other date and time and was ignored. **Attorney**
3  **Cristie** then petitioned the court for sanctions against **Plaintiff** for cancelling at the last minute.
4  **Attorney Cristie's** actions are atrocious, improper, frivolous and made in bad faith solely to harass
5  and to cause unnecessary delay and expense and to impugn the credibility and malign the character
6  of **Plaintiff.**

7      30.  Moreover, **Defendant Barnes-Smith** was **FORCED** to resign as Executive Director
8  of **Defendant AFRP** by their board not only due to her actions, behavior, and outrageous conduct
9  directed at others, but mismanagement of **AFRP** that pre-dated **Defendants** actions toward
10 **Plaintiff.** This same conduct and wrongdoing, are responsible for what occurred with **Plaintiff**
11 and should bring into question any and all actions, behaviors and testimony by **Defendant Barnes-**
12 **Smith.**

13     31.  **Attorney Cristie** and her firms fiduciary duty is solely to Animal Friends Rescue Project
14 and only by extension to the person employed as Executive Director. **Defendant Barnes-Smiths**
15 actions, behavior and wrongdoing are the basis for this compliant and the injury caused to
16 **Plaintiff.** Therefore, making **Attorney Cristies** motion(s) frivolous and baseless.

17     32.  Due to the baseless charges, **Plaintiff(s)** background was tainted with a **CRIMINAL**
18 **RECORD,** her civil matter was delayed and she has suffered great economic losses AND MOST
19 IMPORTANTLY, the loss of her beloved **PETS..**

20     33.  **Defendant Barnes-Smith** who at the time was a public official due to being a member
21 of **MCAC/SAC**(s) advisory board, on January 27 2021, contacted the Pacific Grove Police
22 Department informing them that **Plaintiff(s)** was harassing employees and trespassing on the
23 premises of **AFRP.  Defendant Barnes-Smith** was fully aware that the reporting was erroneous
24 as **AFRP** was conducting business, at that time, by appointment only.  To provide a police officer
25 with a false narrative while in the performance of their duty is in violation of **Ca. Penal Code**
26 **148.5.**

27
28

34.    **Plaintiff(s)** was stripped of her constitutional rights and of her rights to reclaim her **Pets**.

35.    As a direct foreseeable consequence of the wrongful conduct and/or omissions of **DEFENDANT(S)** and each of them, **PLAINTIFF** and her **PETS**, sustained grievous/serious emotional injuries, as well as economic losses, as set forth below.

**PARTIES**

    A.    **PLAINTIFF(s)**

36.    **Plaintiff TRISHA TENNYSON** is a natural person who is and at all times, relevant to this claim, a resident of Salinas, California. Trisha was the true and rightful owner of the **Pets** described herein.

    B.    **PETS**

37.    **Stinky**, is an 18year old domestic short hair, black to the eye with brown undertones, neutered male cat, that Ms. Tennyson has owned since he was two weeks old. Stinky was never sick a day in his life and had annual vet visits in his early life and biannual when he advanced in age. This animal was more than a companion. He is a friend and part of the family. Stinky assisted **Plaintiff(s)** with trapping kittens and cats.

38.    **Gizmo**, who Plaintiff affectionately referred to as Busy Gizzy, is a 1 ½ year old long-haired female peach and white in color that no one wanted to adopt due to the condition of feline Herpes. Plaintiff kept her. Gizmo was being trained to take over for Stinky.

39.    The other cats and kittens were comprised of 6 juveniles of varying colors and or descriptions and 2 litters of 2-3week old kittens.

    C. **DEFENDANTS**

40. **Plaintiff** is informed and believes, and therefore alleges, that **Defendant(s),** one and all, as named in this complaint, are and at all times relevant to this claim as one and all were living and or conducting business in the **County of Monterey** in the State of California.

41. **Monterey County Animal Control/Salinas Animal Control** (combined) is, and at all times relevant to this claim, and is located at 160 Hitchcock Road, #9450, Salinas, California in the business of animal care and control for the County of Monterey in the State of California,

42. **Animal Control Director Cindy Burnham, ACO Valeska Lujan, ACO Petra Lewis and ACO Sylvia Camacho,** are and at all times, relevant to this claim as individuals residing in the County of Monterey. Defendants Burnham, Lujan, Lewis and Camacho are employed with the Monterey County Animal Control Agency.

43. **Animal Friends Rescue Project (AFRP)** is, and at all times relevant to this claim, is a 501c non-profit located, at the time of the incidences described herein, conducting business at 160 Fountain Avenue, Pacific Grove, California.

44. **Darla Barnes-Smith** is and at all times, relevant to this claim is an individual residing in the city of Salinas, in the County of Monterey in the State of California. Ms. Smith is the Director of **Animal Friends Rescue Project**. Ms. Smith was appointed to the **MCAC/SAC ADVISORY BOARD** by then Supervisor John Phillips. John Phillips and Don Chapin founded Rancho Cielo Youth Program. For 17 years Ms. Smith was the personal assistant to Don Chapin.

45. **Debra Long** is and at all times relevant to this claim is an individual residing in the city of Salinas in the County of Monterey in the State of California. Ms. Long is the President of the Board of Directors of **Animal Friends Rescue Project**.

46. **Samantha Martin, DVM** is and at all times, relevant to this claim is an individual residing outside of the County of Monterey. Dr. Martin is employed as a veterinarian providing medical care to the animals within **Animal Friends Rescue Project.**

47. **Sarah Szody (Hoshii)** is and at all times relevant to this claim, is an individual, residing in the city of Pacific Grove in the County of Monterey, in the State of California. Ms. Szody is employed with Animal Friends Rescue Project as their liaison to **PetCo** and handles the adoptions of animals.

48. **Natalie Bugay**, is and at all times, relevant to this claim, is an individual residing in the County of Monterey in the State of California. Ms. Bugay is employed by **Animal Friends Rescue Project** and is responsible for adoptions.

49. **Maria Skytta**, is and all times, relevant to this claim, is an individual residing in the County of Monterey in the State of California. Ms. Skytta is employed by **Animal Friends Rescue Project** and is responsible for adoptions.

50. **Pet Food Express** is and at all times relevant to this claim, is a corporation, conducting business at 300 Crossroads Blvd. in the City of Carmel- by- the- Sea. Pet Food Express is doing business as a pet food and supply company. Pet Food Express facilitates pet adoption events at their location on behalf of **Animal Friends Rescue Project**. This involves coordination with Animal friends Rescue Project to bring animals to their location.

51. **Michael Levy** is, is, and at all times relevant to this claim, is an individual believed to be residing in the State of California. Mr. Levy is a founder and owner of Pet Food Express.

52. **Mark Witriol** is, and at all times, relevant to this claim, is an individual believed to be residing in the State of California. Mr. Witriol is a co-owner and/or founder of Pet Food Express

53. **Rainier Partners** is, and at all times, relevant to this claim in an investing partner of Pet Food Express.

54. **PetCo Animal Supplies** is, and at all times, relevant to this claim, is a corporation conducting business at 960 Del Monte Center, in the City of Seaside, in the County of Monterey, in the State of California. **PetCo** facilitates pet adoption events at their location on behalf of Animal Friends Rescue Project. This involves coordination with Animal Friends Rescue Project to bring animals to their location.

55. **William Sullenberger DVM** is and at all times relevant to this claim, is an individual whose true residence is unknown at this time, is a veterinarian employed by Bluepearl Pet Hospital.

56. **Bluepearl Pet Hospital**, is and at all times relevant to this claim, is a veterinary hospital conducting business located at a 451 Canyon Del Rey Blvd. in the City of Del Rey Oaks in the

County of Monterey in the State of California. Bluepearl Pet Hospital provides veterinary services for the community of Monterey including but not limited to Animal Friends Rescue Project.

57. **Mars Inc**. is and at all times relevant, to this claim, is a corporation headquartered at 6885 Elm Street, McLean Virginia. Mars Inc. is the owner of Bluepearl Veterinary Hospitals.

58. **SPCA Monterey County** is, and at all times, relevant to this claim, is a 501c non-profit corporation located at 1002 Monterey Salinas Highway in the City of Salinas in the County of Monterey in the State of California. SPCA Monterey is not associated with ASPCA.

59. **Scott Delucchi** is, and at all times relevant to this claim, is an individual whose true residence is unknown at this time, is the Director and or CEO of SPCA Monterey.

60. **Susan Imwalle** is, and at all times, relevant to this claim, is an individual whose residence is unknown at this time, is the Vice President and CFO of SPCA Monterey. Between 2009 and 2013, Ms. Imwalle was the Director of Finance for Rancho Cielo Youth Program.

61. **Paul Hoffman** is, and at all times, relevant to this claim, is an individual residing in the city of Pebble Beach in the County of Monterey in the State of California. Mr. Hoffman is the President of the Board of Directors for SPCA Monterey.

62. **Monterey County Office of the District Attorney** is, and at all times, relevant to this claim, is located at 1200 Aguajito Road in the City of Monterey, in the State of California. The District Attorney's Office is responsible for the filing and prosecution of all criminal matters for the County of Monterey.

63. **Assistant District Attorney Robin Duffy** is, and at all times, relevant to this claim, is an individual whose true residence is unknown at this time, is employed with the Monterey County District Attorney's Office.

**D.   ADA'S DOES 1-50**

64. The true names and capacities, whether individual, or associate, of the **Defendant(s)** **ADA's (Assistant District Attorneys)** named in this complaint, are unknown to Plaintiff who therefore sue said **Defendant(s)** by such fictitious names pursuant to Code of Civil Procedure § 474; **Plaintiff**(s) further alleges that each of said fictitious **Defendant(s)**, is in some manner,

1   responsible for the acts and occurrences hereinafter set forth. **Plaintiff**(s) will amend this

2   Complaint to show their true names and capacities when the same is ascertained, as well as the

3   manner in which each fictitious **Defendant** is responsible.

4

5       **E.  DOES 1-100**

6       65.  The true names and capacities whether individual, corporate, associate and/or otherwise

7   of the **Other Defendant(s) 1-100**, inclusive, are unknown to **Plaintiff**(s) who therefore sue said

8   **Defendant(s)** by such fictitious names pursuant to Code of Civil Procedure § 474; Plaintiff further

9   alleges that each of said fictitious **Defendant(s)** is in some manner responsible for the acts and

10  occurrences hereinafter set forth. **Plaintiff**(s) will amend this complaint to show their true names

11  and capacities when the same are ascertained, as well as the manner in which each fictitious

12  **Defendant** is responsible.

13      66.  **Plaintiff(s)** is informed, believes and thereupon alleges that **Defendant County** of

14  **Monterey** is a duly constituted governmental entity in the State of California, and is, or was, the

15  employer of **Defendant(s) Monterey County Office of the District Attorney** and **Defendant(s)**

16  **Burnham**, **Lujan** and **Lewis**. **Defendant Camacho** was employed through the City of Salinas at

17  the time of the alleged events but due to the merger of the two agencies, worked in conjunction

18  with **MCAC/SAC** under the direct supervision of **Defendant Burnham.**

19      67.  **Plaintiff**(s) is informed, believes and thereupon alleges that all **Defendant(s)** employed

20  by **Defendant County** were, at all times relevant and material to this Complaint acting within the

21  course and scope of their employment duties for **Defendant County**, and under color of law.

22      68.  **Plaintiff(s)** is informed, believes and thereupon alleges that each of the individual

23  **Defendant(s)** acts were known to, discovered by, approved by, and/or ratified by **Defendant**

24  **County**, by and through their policy makers, decision makers, officials, officers, and/or

25  supervisors.

26      69.  **Plaintiff(s)** is informed, believes and thereupon alleges that officials, supervisors,

27  policymakers, and other individuals with the authority to set or modify municipal and/or

28

1 departmental policy, *d jure* or *de facto*, of **Defendant County** and/or Doe **Defendant**(s),

2 participated in, approved of, ratified, and/or failed to prevent the acts by all **Defendant(s)** in their

3 employ, of which **Plaintiff**(s) complains herein.

4     70. **Plaintiff(s)** is informed, believes and thereupon alleges that at all times herein

5 mentioned each of the **County Defendant(s)**, including officials, supervisors, and/or any other

6 policy makers from **Defendant County** and/or **Doe Defendant(s)** was the employee or co-

7 conspirator of one another, some, or all of their **Co-Defendant(s)**.

8     71. **Plaintiff** is informed, believes and thereupon alleges that each of the **Defendant(s)**,

9 Acting individually and/or in concert with each other, engaged in a common plan to wrongfully

10 deprive **Plaintiff(s)** of her respective rights.

11     72. Each and all of the actions done by each **Defendant** against **Plaintiff(s)**, as

12 mentioned in this entire Complaint, were done, partially if not entirely, because of **Plaintiff(s)**

13 vocal condemnation of the animal control agency and county officials and/or employees, agents,

14 representatives, and/or appointees.

15     73. In doing each and all of the things herein mentioned, or neglecting or intentionally

16 failing to rectify said misconduct, each and all **County Defendant(s)** were acting pursuant to a

17 de facto policy and within the scope of such agency, employment, and conspiracy and with full

18 permission, knowledge, approval, ratification, and support of each other.

19     74. **Individual Defendant(s)** not associated with, or employed by, **Defendant** County

20 conspired with **Defendant County** and their employees, and their wrongdoing.

21

22                           **AGENCY & CONCERT OF ACTIONS**

23     75. At all times herein mentioned, **Defendant(s)**, and each of them, hereinabove, were the

24 agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers,

25 of each of the other **Defendant(s)** named herein and were at all times operating and acting within

26 the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy,

27 and/or joint venture, and each **Defendant** has, by virtue of involvement of their actions, ratified

28

and approved the acts of each of the remaining **Defendant(s)**. Each of the **Defendant(s)** aided and abetted, encouraged, and rendered substantial assistance to the other **Defendants** in breaching their obligations and failed in the proper performance of their duties, to **Plaintiff**(s) as alleged herein. In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the **Defendant(s)** acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongful conduct.

## BACKGROUND

76.  **Ms. Tennyson**, like other private citizens in the community, does her part by promoting, advocating and actively engaging in, trap and release in order to mitigate the feral cat population within the community.  Ms. Tennyson would also socialize and find the cats homes. She accomplished this with the help of her 18year old cat **STINKY**. He was trained to enter the colonies and retrieve the cats and or juveniles when a trap could not be placed or previous attempts at conventional trapping failed. **Gizmo**, was being trained to take over for Stinky as he was to retire.

77.  The feral cat colonies in the county are not handled by **MCAC/SAC**. They state on their website that 'we don't assist with feral cats'. They will also euthanize any cat under a certain age as they claim not to have the resources to take care of them.

78.  **Ms. Tennyson** has been very vocal about the functions of **MCAC**, particularly **Defendant**(s) **Burnham, Camacho**, and **Lewis**.

79.  About three years ago **Ms. Tennyson** called animal control because a homeless woman was dragging a kitten behind a bicycle on a leash. It took hours for someone to respond.  When animal control finally called **Ms. Tennyson**, she was told that they (animal control) had spoken to the woman.   They did not take the cat from the woman nor cite her for abuse.

80.  The following summer, **Ms. Tennyson** saw the same homeless woman and the cat was now confined to a carrier where it could not stand and the carrier was left in the sun. **Ms. Tennyson**

called to **MCAC** and was told that the cat was used to its confines and that animal control did not want to be responsible for taking the cat away from her. **Defendant Lewis** told **Ms. Tennyson** to 'take the cat from the woman'. Ms. Tennyson would be doing the job of animal control.

81.  **Ms. Tennyson** then spoke with then **Assistant Chief Roberto Felicci**, with the Salinas Police Department who, at that time, was responsible for animal control.

82.  **Ms. Tennyson** would later find out that all that happened was that the homeless woman was given a bigger carrier. Ms. Tennyson then reported it to then Salinas councilman **Luis Aleijo**.

83.  **MACA/SAC** did not accuse the homeless woman of abuse, cite her or take the pet away.

84.  **Ms. Tennyson** believes that Animal Control has retaliated against her for speaking out against them.

85.  Monterey County has consistently shown a disregard to the community as a whole, allowing some to violate the law.

86.  **Defendant Barnes-Smith**, a public official, was permitted to stay on the **MCAC/SAC** Advisory Boards even after many constituents complained to County Council. Ca. Gov. Code 87103(d) expressly states that a Conflict of Interest exists if, *'any entity in which the public official is a director, officer, partner, trustee, or holds any position of management.'*

87.  On the **MCAC** Website the term ex officio is used. It is used to describe someone who once held a membership on a board of committee by virtue being an elected official or holding some office or position. It could then be argued that someone who is still an active member is in fact 'an official'. **Defendant Barnes-Smith** was appointed by then Supervisor John Phillips who himself, is a retired judge and prosecutor in the county. John Phillips is a business partner with Don Chapin. **Defendant Barnes-Smith** was Mr. Chapin's personal assistant for 17 years.

88.  An advisory board member who spent 23 years on the board, also complained about Defendant Barnes-Smiths involvement with the advisory boards due to a Conflict of Interest. This member was later dismissed.

89. County Supervisor Wendy Askew appointed **Defendant Long** to the **MACA** Advisory Board. **Defendant Long** is **Defendant AFRP's** board president and the director of Spay California Now. This is also a violation of state law due to Conflict of Interest.

90. **Defendants Barnes-Smith**, **Long** and **Delucchi** are considered to be public officials and thus bound by California Government Code 87103(d).

91. Advisory boards should be comprised of a sampling of the community. These Defendants exerted a quasi-fundamental control over the board.

92. **Defendant Barnes-Smith** has a history of not returning animals to their rightful owners. **Defendant AFRPs** employee, **Defendant** Szody stated, "do you know how many times people beg **Darla** (Defendant Barnes-Smith) to have their pets returned to them". This comment was overheard by a witness via speaker phone.

93. This is a clear indication of the rampant surrendering of animals over to **AFRP**.

94. **Defendant MCAC/SAC,** combined, directed by **Defendant Burnham** has been plagued with problems ranging from mismanagement to violations of state law, and most recently, failure to uphold the county's laws prohibiting cock fighting.

95. The Civil Grand Jury concluded that enforcement was hampered by "a complicated reporting process, confusion over the roles of county agencies and some agencies **inability or unwillingness to enforce the ordinance"**. County officials agreed with some of the grand jury's findings blaming a lack of staffing and resources for the inability to enforce the law.

96. The merging of **MCAC** and **SAC** in 2017 was supposed to address and help with the staffing resource issues.

97. Their lack of staffing is also hampered by the fact that **MACA**, for several years, has allowed two of their officers in separate vehicles, to spend an inordinate amount of time at home. This was captured on video and still photograph that was then reported to the county supervisors. Charles McKee, then Monterey County CAO assured the Board of Supervisors that the matter was being investigated. The behavior has continued as of this complaint.

98.   In the summer of 2023, El Galiban Library and a patron independently notified **MCAC/SAC** about three little dogs that appeared to have been dumped at the library. Eventually a MACA officer showed up and single handedly tried to catch the dogs. El Galiban Library is across the street from the residence of the officers mentioned above. The officer chasing the dog ran right past a **MCAC Vehicle** in the apartment complex parking lot. The solo **ACO** could have, but more importantly SHOULD have been able to receive assistance from the **ACO** at the apartment. The apartment complex sits across a small street from the library. The TWO ACOS sitting at home would have come in contact with the three little dogs and yet did nothing. Subsequently, one of the dogs was killed by a car.

99.   Humane Farming Association and Showing Animals Respect and Kindness (SHARK) and a private resident, brought suit against the county just to get them to uphold the cock fighting law.

100.  In 2021, both **MCAC/SAC** and **SPCA** of **Monterey**, were called about a true hoarding situation in the City of San Ardo. A member of In Defense of Animals witnessed dead cats in cages and other extreme conditions. The woman listed as the resident of the home had been cited many times due to the lack of care for the animals. Jacob Duarte with **SPCA** Monterey said 'they don't have the staff to respond' and MACA claimed it was **SPCAs** case. The In Defense of animal's member called the sheriff's department to intervene. The delay resulted in another 3 dead cats and 5-10 missing.

101.  It would later be discovered that the resident was a major donor/contributor to both organizations.

102.  **SPCA** acted only **after** the sheriff's department and a local reporter were contacted.

103.  The county allows a person who is the Director of an animal welfare group to sit as a member the animal control advisory board. This is direct violation of California Civil Code 87103 (d) due to a Conflict of Interest.

104.  Private individuals are the ones responsible for mitigating the feral cat populations.

Animal Control does provide spay and neutering but then the city has a law to not feed the feral cats which, on its face, would violate Ca. Penal Code § 597 as it would constitute neglect and abuse allowing the animals to starve to death. Private people use their own resources to have feral cats spayed or neutered and then told by the City of Salinas that they are forbidden by law to feed the animals they just paid **MCAC/SAC** to spay or neuter.

105.    On the findings of the grand jury, a task force was to be implemented

106**.    SPCA** of **Monterey** are not affiliated with ASPCA and derive no funds of assistance from them.

107.    As previously stated, they refused to respond to the San Ardo incident described herein until the sheriff's department was contacted and then took credit for the rescue. An attorney with Humane Farming Association sent a letter to **MCAC** and SPCA wanting to know why.

108.    A private resident was promised by **SPCA CEO Scott Delucchi**, that a neglected Corgi could be adopted by her. When she pursued the adoption, she was told the dog had issues. This resident is known in the community as someone who rescues Corgis. She once drove from Salinas to San Francisco to rescue a neglected animal.

109.    In the summer of 2021 **SPCA Monterey** was contacted about a **CVS** store in Seaside California that had placed exclusionary netting on their roof to keep the gulls away. The gulls were getting entangled resulting in injury and/or death. Exclusionary netting is legal in California ONLY if it does not cause injury or death. **SPCA** responded with. "we have an arrangement to go in once a month and pick up the dead animals", The caller then reached out to a Sgt. Fernandez with Fish and Game in Santa Cruz who investigated the matter. SPCA's response to the matter belies credulity.

110.    Humane organizations with officers are required to have their humane officer records sent to all law enforcement agencies, including the superior court and the highway patrol, in the county where they reside and where the officer will be performing their duties.  When these entities were contacted, no one had a copy of the records for SPCAs officers. Per the law, this is grounds for immediate revocation of the humane officer's certification.

111.  **AFRP** and **SPCA** presume that only they can handle the animal control issues in the county and yet they failed to respond to calls and are in fact in violation of the very law that they have used against Ms. Tennyson.

112.  **Animal Friends Rescue Project** was established in 1998 by Kelly Lehrian and her husband, Monica Rua and Carrie Broeker.  These four have since left and/or retired.

113.  **Defendant Barnes-Smith**, is the current Director of Animal Friends Rescue Project. Prior to becoming the director, Ms. Smith was a volunteer with AFRP but was terminated.

114.  Per another volunteer, during the first two years of **Defendant Barnes-Smiths employment** as director, 25 people left, including 3 veterinarians, due to her narcissistic behavior. A volunteer of 15 years also left.

115.  When founder Kelly Lehrian was asked how **Defendant Barnes-Smith** became director after being fired as a volunteer, she stated that Ms. Smith threatened to sue for harassment and discrimination if she wasn't considered for the position.

116.  On January 27 2021, **Defendant Barnes-Smith** informed the Pacific Grove Police Department that Ms. Tennyson was harassing employees, and trespassing on the premises of AFRP. **Defendant Barnes-Smith** was fully aware that the reporting was erroneous as AFRP was conducting business, at that time, by appointment only.  To provide a police officer with a false narrative while in the performance of their duty is in violation of Ca. Penal Code 148.5.

117.  In 2022, a young man who had been running a T&R (Trap & Release) with his father for over 10 years, brought several cats to **AFRP** for their low cost spay and neutering. He indicated that he wanted to adopt an older cat that he had bonded with. **Defendant Barnes-Smith** refused to give him back the elder cat indicating in a text message that the cat was gone.

118.  As previously stated, **Defendant Barnes-Smith** has a history of not returning animals to their owners. Ca. Penal Code § 597 states, "anyone providing food, water and/or medical treatment is considered to be an owner". **Defendant Barnes-Smith** illegally withheld this cat from its rightful owner.

119.    **Defendant Barnes-Smith** is of the opinion that only she can run the animal rescue arena and uses her position to force others out.

120.    **Bluepearl Veterinary Hospitals** was previously called Monterey Emergency Pet Hospital until they were acquired by **Defendant Mars Inc**.

121.    **Bluepearl** has a history of unnecessary treatments and/or procedures and overpricing. In 2017, the FTC brought antitrust charges against **Mars Inc**. due to their acquiring VCA Pet Hospitals. The FTC required **Mars** to divest 12 veterinary clinics around the country citing unfair competition. According to the complaint, without a remedy, the acquisition would likely lead to higher prices for pet owners and lower quality in the specialty and emergency services they receive.

122.    Many former **Bluepearl** employees chronical widespread overpricing and over-treating of animals in their care. Employees stated **Bluepearl** cares only about the dollar.

123**.**    **Monterey County Office of the District Attorney** responsible for the filing and prosecuting of criminal matters in the county.

124.    Until 2019, the **D.A.**s office had a dedicated animal unit run by ADA Marie Aronson. Unfortunately, Ms. Aronson passed away. The unit somewhat disbanded.

125.    **SPCA of Monterey County** boasts of their relationship with the District Attorney's Office. Although it is not unheard of for a District Attorney's office to have such a relationship with an organization that is allowed to enforce state law, the **SPCA** is still just a private organization bound by the same laws as the general public.

**FACTUAL BASIS**

126.    This case involves several parties named as **Defendant(s)** whose actions could not have been accomplished without the participation, collusion, conspiracy, aiding and abetting, and blatant disregard of the laws of the state of California and that of Monterey County.

127.    **MCAC/SAC** and the actions of, **Defendants Cindy Burnham, Camacho, LEWIS** and **LUJAN** put everything in motion when they seized Ms. Tennyson's Pets while she was in the hospital.

128.   **All** animal control agencies in the state are governed by Ca. Penal Code 597. If a seizure takes place, the agency is required, per state law, to provide **OWNERS** with verbal and written notice of **their** right to a **POST SEIZURE** hearing. At no time was **Plaintiff** provided with this information thus violating the law which in turn nullifies the entire seizure regardless of the reasoning and/or justification for the Defendants actions.

129.   The **Pets** described in this complaint were with **Ms. Tennyson** at the time of seizure because her beloved 18 year old cat **Stinky** was trained to assist in the capture of feral kittens when a trap could not be placed. The second cat described herein, was in training as the 18year old was to retire.

130.   She was going to an adoption event when she stopped at a field she monitored only to find that it was being plowed under. Two kittens had already been killed and the driver of the machine helped her to find the others.  After retrieving the kittens, she tried to continue on to the event.

131.   The exertion of trying to retrieve the kittens forced her to drive to the hospital instead.

132.   **Defendant(s) MCAC/SAC** would state that at the time of seizure, the condition inside **Plaintiff**(s) vehicle was deplorable. After **Plaintiff**(s) recovered and assessed the vehicle, she agrees with that statement. It was not just her vehicle that was effected.

133.   Unbeknownst to Ms. Tennyson**,** for about two years prior to the seizure of the **pets,** and after having been exposed to Covid, she was suffering from severe **ANEMIA**, later diagnosed as **Intrinsic Factor Deficiency**.  This condition prevents the production of healthy red cells which in turn, effects the **HEMOGLOBIN**. Red cells are how the brain receives oxygen.

*Mayo Clinic-'A healthy woman's hemoglobin count is between 12-16 gm/dl'*

134.   When you die, that number levels out at 4.0 g/dl before the cells start breaking down.

135.   Upon admission to the hospital, Ms. Tennyson's Hemoglobin count was **2.87 gm/dl**.

136.   Prior to this incident, she wasn't eating, sleeping, bathing, going to the bathroom, lost 75 lbs, and by the time she arrived at the hospital, she had lost the ability to walk.

137.   She wasn't sick, Ms. Tennyson was in fact, **DYING**.

138.   Ms. Tennyson practically gave her life for these animals. Even deathly ill, she would make sure they were fed and receive medical treatment and tried, with the energy she had left, try to find them homes.

139.   She did not, and has never abused and/or mistreated an animal as evident by the longevity of her 18 year old cat.

140. **Ms. Tennyson** has never been cited or even accused of the atrocious acts that **Defendant**(s) accused her of as described in this complaint.

141.   This was an isolated occurrence for **Ms. Tennyson** where she was fighting for her life and the **County Defendant**(s) took that opportunity to take advantage to benefit their own agenda and were so confident that the accusations would be believed due to their positions, they made no attempt to seek the truth and resorted to fabrications and violations of the law to justify their wrongful actions.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### CIVIL RIGHTS VIOLATION 42 USC 1983

### 1st Amendment Reckless Endangerment/Indifference

### To Medical Needs

142.   **Plaintiff**(s) re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

143.   **Defendant Camacho**, under color of law, did so negligently, carelessly, recklessly, with conscious and willful disregard for the health, and general welfare of **Plaintiff**, and usurping the instructions by hospital to MASK and GOWN listed outside the closed door, did so willingly enter **Plaintiffs** hospital isolation room without said mask and gown, thus violating the standard of care the hospital had set forth to ensure the safety, well-being and life of Plaintiff.

144. **Defendant Lujan,** as supervising officer, failed to act to prevent **Defendant Camacho** from taking such action.

145. **Defendant MCAC/SAC,** as employer of **Defendant Camacho,** and directed by **Defendant Cindy Burnham,** failed to respond and take corrective action when informed of **Defendant Camacho's** wrongful act.

146. **Defendant Camacho** then remained in the room when **Plaintiffs** doctor was present and became privy to private medical information that was used against **Plaintiff** at a later date by **Defendant(s) Burnham** and **Lujan**.

147. **Defendant Camacho's** actions and conduct put **Plaintiff(s)** health in jeopardy due to a, then compromised immune system. **Defendant Camacho** then remained in the room when **Plaintiff(s)** doctor came in and **Plaintiff(s)** medical information was used against her at a later date.

## SECOND CAUSE OF ACTION

### FRAUD- MISREPRESENTATON/INTENTIONAL

148. **Plaintiff** re-alleges and incorporates by reference each and every paragraph as though fully set forth herein.

149. **Defendant(s) Burnham, Lujan,** and **Camacho** in the performance of their duties while employed with **MACA/SAC,** did willingly, with malice and consciousness of thought, mislead and deceive **Plaintiff(s)** about her rights to reclaim her **PETS** and blatantly disregarded the law that governs their agency.

150. **Defendant(s)** were under a statutory duty to comply with Ca. Penal Code § 597.

151. **Defendant Camacho** informed **Plaintiff(s)** that her **PETS, WERE BEING SEIZED** and she had no other option by surrender.,

152. Informing **Plaintiff(s)** that the only option was surrendered is a blatant falsehood..

153. **Plaintiff(s)** were not informed until **AFTER** the seizure had taken place that 'a friend could have picked up the animals and/or helped'.

154.   However, once a seizure has occurred, the **Defendant(s)** named in this cause were required to inform **Plaintiff(s)**, **WRITTEN** and **VERBALLY** of her rights to reclaim her **Pets**.

155.   **ANY** violation of any section and/or aspect of Ca. Penal Code § 597, no matter the stipulations within the code, or the reasoning, belief and/or justification on the part of the **Defendant(s)**,  for their actions, renders the code violated in its entirety.

156.   The seizure was thus **ILLEGAL** and the **animals/PETS** should have been returned **immediately**.

157.   As a direct and legal result of the wrongful actions and/or omissions of the **Defendant(s)** named in this cause, **Plaintiff(s)** suffered the loss of her beloved Pets and the right to reclaim them, and the loss of her right to **DUE PROCESS**.

## THIRD CAUSE OF ACTION
### FRAUD-Negligent Misrepresentation-Breach
### Of Legal Duty

158.   **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph as though fully set forth herein.

159.   **Defendant(s) Burnham, Lujan and Camacho** in the performance of their duties as employees, representatives and/or agents for **MCAC/SAC**, did willingly, with malice and consciousness of thought, blatantly disregard the statute that governs their agency, thus depriving **Plaintiff(s)** of her **PETS**, the rights to reclaim them, and her civil rights.

160.   **Defendant(s)** named in this cause, were under a statutory duty to comply with Ca. Penal Code § 597.

161.   **Ca. Penal Code § 597** governs **ALL** animal control agencies in California. It is a fundamental aspect of their required training.

162.   No defense exists as to **WHY Defendant(s)** named in this cause would be remiss in their duties.

163.  As a direct and legal result of the wrongful actions and/or omissions **Plaintiff(s),** has suffered the loss of her beloved **PETS**, the loss of her rights to reclaim them, the loss of her civil rights and has suffered emotional distress and pain and suffering that continues to this day.

## <u>FORTH CAUSE OF ACTION</u>

### Civil Rights Violation 42 USC 1983-Conspiracy Against Rights

### (18 U.S.C. 241)

164.  **Plaintiff** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

165.  **Defendant(s) Burnham, Lujan,** and **Camacho** in the performance of their duties while employed with **Defendant MCAC/SAC,** did so willingly, with deliberate malice and consciousness of thought, blatantly disregarded the statute that governs their agency and deprived **Plaintiff**(s) of her/their rights to reclaim her/their **PETS**.

166.  **Defendant**(s) named in this action were under duty to comply with Ca. Penal Code § 597.

167.  Such actions were done with malice, oppression and fraud.

168.  As a direct and legal result of the wrongful conduct and/or omissions of **Defendant(s),** **Plaintiff**(s) suffered the loss of her beloved **PETS** and **Plaintiff**(s) and her **Pets**, have suffered, and continue to suffer emotional distrain and suffering that continues to this day.

## <u>FIFTH CAUSE OF ACTION</u>

### Civil Rights Violation 42 USC 1983-(18 USC 242-Deprivation of Rights

### Under Color of Authority)

169.  **Plaintiff** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

170. **Defendant(s) Burnham, Lujan,** and **Camacho** in the performance of their duties while employed with **Defendant MCAC/SAC,** did so willingly, with deliberate malice and

COMPLAINT

1  consciousness of thought, blatantly disregarded the statute that governs their agency and deprived

2  **Plaintiff**(s) of her/their rights to reclaim her/their **PETS**.

3    171.   **Defendant**(s) named in this action were under duty to comply with Ca. Penal Code §

4  597.

5    172.   Such actions were done with malice, oppression and fraud.

6    173.   As a direct and legal result of the wrongful conduct and/or omissions of **Defendant**(s),

7  **Plaintiff**(s) suffered the loss of her beloved **PETS** and **Plaintiff**(s) and her **Pets**, have suffered,

8  and continue to suffer emotional distrain and suffering that continues to this day.

9

10                    **SIXTH CAUSE OF ACTION**

11           **Civil Rights Violation 42 USC 1983- 14th Amendment**

12                      **Denied Due Process**

13    174.   **Plaintiff**(s) re-alleges and incorporates by reference each and every paragraph above

14  as though fully set forth herein.

15    175. **Defendant**(s) **Burnham**, **Lujan**, and **Camacho** in the performance of their duties

16  while employed with **Defendant MCAC/SAC**, did so willingly, with deliberate malice and

17  consciousness of thought, blatantly disregarded the statute that governs their agency and deprived

18  **Plaintiff**(s) of her/their rights to reclaim her/their **Pets** and her right to **DUE PROCESS.**

19    176.   **Defendant**(s) named in this action, willingly, with intent and purpose, mislead and

20  deceive **Plaintiff**(s) as to her rights.

21    177.   **Defendant**(s) named in this action were under duty to comply with Ca. Penal Code §

22  597.

23    178.   Such actions were done with malice, oppression and fraud.

24    179.   As a direct and legal result of the wrongful conduct and/or omissions of **Defendant**(s),

25  **Plaintiff**(s) suffered the loss of her beloved **PETS** and **Plaintiff**(s) and her **Pets**, have suffered,

26  and continue to suffer emotional distrain and suffering that continues to this day.

27

28

1

## SEVENTH CAUSE OF ACTION

### Civil Rights Violation 42 USC 1983-4th Amendment

### Unlawful Seizure

2

3

4    180.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above

5    as set though fully forth herein.

6    181.  **Defendant(s) MCAC/SAC, Burnham, Lujan**, and **Camacho** did willingly, with

7    intent and purpose, with malice and willful disregard for the law that governs their agency, **SEIZE**

8    Plaintiffs **PETS ILLEGALLY**.

9    182.  **Defendant(s)** named in this cause were under a statutory duty to comply with Ca.

10   Penal Code § 597.

11   183.  **Defendant(s) MCAC/SAC, Burnham, Lujan**, and **Camacho** did willingly, with

12   intent and purpose, **mislead** and **deceive Plaintiff(s)** as to her right and the laws to reclaim her

13   **Pets** after they were **illegally seized**.

14   184.  **Defendant(s)** named in this cause, were under a statutory duty to comply with

15   California Penal Code §597.  The seizure, no matter the reasoning, belief and/ or justification on

16   the part of **Defendant(s)**, was illegal and **Plaintiff's Pets** should have been immediately returned

17   to her.

18   185.  **Any** violation of any section and/or aspect of Ca. Penal Code § 597, renders the code

19   violated in its entirety.

20   186.  **Defendant(s)** named in this cause denied **Plaintiff(s)** of her **Due Process** and failed

21   to comply with Ca. Penal Code §597.

22   187.  Such actions were done with malice, oppression and fraud.

23   188.  As a direct and legal result of the wrongful conduct and/or omissions of **Defendant(s)**,

24   **Plaintiff(s)** suffered the loss of her beloved **PETS** and **Plaintiff(s)** and her **Pets**, have suffered,

25   and continue to suffer emotional distrain and suffering that continues to this day.

26

27

28

- 27 -

COMPLAINT

## EIGHTH CAUSE OF ACTION

### Civil Rights Violation 42 U.S.C 1983-Discrimination

### Unruh Act CCA Section 51

189.   **Plaintiff** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

190.  On October 26 2021, **Defendant(s) Burnham** and **Lujan**, willfully, with malice and forethought in an attempt to **enforce ILLEGAL STIPULATIONS** against **Plaintiff,** used her medical condition against her.

191.   **Defendant(s)** named in this cause were under a statutory duty to comply with Ca. Penal Code § 597.  **ANY** violations of any section and/or aspect of this law renders it violated in its entirety.

192.   **Defendant(s) Burnham** and **Lujan told Plaintiff** that they **'didn't feel she was well enough to take care of her pets'.**

193.   **Defendant(s) Burnham and Lujan's** discriminatory actions and/or statements are not mandated by any law and is out of their scope of practice and/or employment and duties.

194.   **Defendant(s)** statement was overheard by **Plaintiffs** witness via speaker phone.

195.   **Defendant(s)** statement was a direct result of **Defendant Camacho's** presence in **Plaintiff(s)** hospital room when **Plaintiff(s)** doctor was discussing her condition.

196.   **Defendant Lewis,** willfully with malice and forethought, informed **Plaintiff(s)** that they would not be providing her with information regarding the rescue group in this particular situation because '**Plaintiff(s)** made too many phone calls'.

197. **ALL Defendant(s)** named in this cause did so willingly, **discriminate** against **Plaintiff(s).**

198.   Due to the wrongful acts and/or omissions of **Defendant(s)** named in this cause, **Plaintiff(s)** suffered the loss of her beloved **Pets** and has suffered severe mental and emotional distress and pain and suffering that continues to this day.

1

## NINTH CAUSE OF ACTION

2

### Willful Malfeasance-Intentional

3

### Ca. Civil Code 1714

4

199.   **Plaintiff** re-alleges and incorporates by reference each and every paragraph above as

5

though fully set forth herein.

6

200. **Defendant(s) MCAC, Burnham, Lewis, Lujan** and **Camacho** in an attempt to

7

perform an act under Ca. Penal §597, did so however, willfully perform improperly, in such a

8

manner that it harmed **Plaintiff and her Pets.**

9

201. **Defendant(s)** named in this cause were under a statutory duty to comply with California

10

**Penal Code § 597** and any and all other laws and or regulations whether state and/or federal.

11

202.   By not informing **Plaintiff** of her right(s) as described herein **Defendant(s)** named in

12

this cause, through their own free **WILL**, performed their duties outside the scope of the law and

13

executed an action to purposefully and intentionally cause egregious harm to Plaintiff.

14

15

## TENTH CAUSE OF ACTION

16

### Will Nonfeasance

17

203.   **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above

18

though fully set forth herein.

19

204.   **Defendant(s) MCAC/SAC, Burnham, Lujan, Lewis, and Camacho** failed to, and

20

at no time attempted to, and were one and all, derelict in the performance of their duties mandated

21

and set forth by the state of California.

22

205.   **Defendant(s)** named in this cause, failed to intervene and or act to help **Plaintiff** from

23

further injury.

24

206.   **Defendant(s)** named in this cause further compounded their egregious actions by

25

turning **Plaintiff's PETS** over to a rescue group.

26

207.   **Defendant(s)** did not have the authority to turn **PETS** over to a rescue group as the

27

seizure in its entirety was **ILLEGAL.**

28

COMPLAINT

1

2

**ELEVENTH CAUSE OF ACTION**

3

**Willful Misfeasance**

4    208.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above

5    as set though fully set forth herein.

6    209.  **Defendants(s) MCAC/SAC, Burnham, Lujan, Lewis, Camacho** failed to, and at

7    no time, attempted to, mitigate their conduct and acted in a manner that increased the injuries and

8    or damages to **Plaintiff(s).**

9    210.  **Defendant(s)** named in this action willfully with malice and consciousness of thought,

10    breached their legal duty.

11

12    **TWELFTH CAUSE OF ACTION**

13    **Promissory Estoppel/Detrimental Reliance**

14    211.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above

15    as set though fully set forth herein.

16    212.  On November 18, 2021, **Defendant Burnham PROMISED** the return of **Pets Stinky**

17    and **Gizmo** to **Plaintiff** on November 20th.

18    213.  On November 20th, **Plaintiff** notified **Defendant Burnham** via email, hat she was

19    waiting for her ride to the shelter. **Defendant Burnham** responded, via email, '**Thank You'.**

20    214.  At 2pm, **Plaintiff** contacted **MCAC/SAC** to tell them she was on her way.

21    215.  **Defendant Lewis** informed **Plaintiff(s)** that her **pets** had been turned over to a rescue

22    group. **Defendant Lewis** refused to divulge the name of the group citing policy where no such

23    policy exists.

24    216.  **Plaintiff** would later discover that **Defendant Burnham** had attempted to contact her

25    using phone number **831 759 2118**. This number is not exclusive to the animal control agency and

26    was not familiar to **Plaintiff**. When Plaintiff tried to call the number it indicated, 'your call cannot

27

28

be completed'. On the following Monday, **Plaintiff** would discover that the number **Defendant Burnham** used was a **Monterey County administrative out-going only number.**

217.  **Plaintiff** had no way of knowing that this call was coming from Animal Control.

218.  **Defendant Burnham** had never before used a number other than one exclusive to the agency. **Defendant Burnham,** due to her lengthy employment with Monterey County knew that the call could not be returned.

219.  **Plaintiff(s)** was later informed by **MCAC** Advisory Board Member David Alexander, that the action was taken because she had missed the phone call.

220.  **MCAC/SAC** on this day, was open until 5pm.

221.  **MCAC/SAC could have,** but more importantly **should have** allowed **Plaintiff(s)** to pick up her **PETS** as they had no authority to keep them.  They continued to make no attempts to mitigate the damages caused by their repeated wrongdoing.

222.  **Plaintiff** believed and relied on the **PROMISE** and begged to come and get her pets.

223.  **Defendant(s)** were still trying to enforce **ILLEGAL** stipulations to reclaim her pets. The stipulations were unenforceable due to the agency violating **Ca. Penal Code §597.**

224.  **Defendant Burnham's** actions and wrongdoings were done with malice and is despicable and belies the very fundamental foundation that animal control agencies should prescribe to.

225.  **Plaintiff(s)** to her detriment and **that** of her **Pets,** relied on the **PROMISE** made by **Defendant Burnham.**

## THIRTEENTH CAUSE OF ACTION

### Promissory Fraud

226.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

227.  **Defendant Burnham** made a **false promise** of the return of **Plaintiffs PETS. Plaintiff** relied on said promise.

228.  **Defendant Burnham** did not uphold the **PROMISE** and instead turned **Plaintiffs** beloved **Pets, which included her 18 year old cat Stinky**, over to a rescue group, then immediately left for vacation and was unreachable.

229.  **Plaintiff(s)** is unaware as to why **Defendant Lewis**, could not return her **Pets** as a supervisor undoubtedly would be in a position of authority when the **Director** is away.

230.  The rescue group was then told not to return **Plaintiff(s) Pets** to her. This clearly exhibits a personal affront as no Animal Control Agency in the state would attempt to dictate how a private business conducts their operation.

## FOURTEENTH CAUSE OF ACTION

### Ca. Civil Code 44- Defamation-Slander/libel

231.  **Plaintiff** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

232.  **Defendant(s) MCAC/SAC, Burnham, Lewis, Lujan, Camacho and Barnes-Smith**, inclusively, willfully, with intent and purpose and malice of forethought, did so make inflammatory and **slanderous** utterances against **Plaintiff.**

233.  **Defendant(s)** accused **Plaintiff** of being an '**animal hoarder**', AND '**living in a van with 22** cats'.

234.  The statements are patently false as **Plaintiff(s)** does not, nor has ever owned a van and has owned the same vehicle for 26 years.

235.  The slanderous statements were uttered to **MCAC/SAC** Advisory Board Member Dr. Frank Kocher, Salinas City Councilman Tony Barrera, and original founding member of Defendant AFRP, Kelly Lehrian.

236.  The inflammatory utterances were made with total disregard for the truth and a mere attempt to justify their wrongful actions by casting doubt of credibility on, and impugning Plaintiff's character.

237. **Plaintiff(s)** first call to Councilman Barrera resulted in the councilman telling **Plaintiff**, 'she sounded crazy'. After hearing the entire story, he invited **Plaintiff** to the next city council meeting which she did attend.

238. **Defendant Barnes-Smith,** as a member of **MCAC/SAC** Advisory Board, is considered a public official, and having taken an oath to uphold the laws that govern, did so willingly, with malice and forethought, personally make the slanderous utterances to Dr. Kocher and Councilman Barrera.

239. **Defendant Barnes-Smith in furtherance of her wrongdoing,** on January 27 2021, **ACCUSED** and **REPORTED** to Pacific Grove Police Department, that **Plaintiff** was harassing employees of, and trespassing on, AFRP property when **Plaintiff** was parked on a public street and never approached the building. **Defendant Barnes-Smith**, as Director of AFRP was fully aware that:

    1. AFRP, for two years, due to Covid 19, was conducting business on-line only

    2. AFRP conducted business by appointment only per their website, and

    3. The occupants of that end of the block were given notice to vacate due to the property being sold.

240. **Plaintiff(s)** could not have harassed employees as there was no one there and could not have trespassed as, per their website, 'by appointment only'.

241. **Defendant Barnes-Smith** also stated to Pacific Grove Police Department, per their report, that **Plaintiff** was given the opportunity to adopt her Pets back.

    *'any person who knowingly provides false information to a police*

    *officer' is guilty of a crime'*. Ca. Penal Code § 148.5

As Director of **AFRP Defendant Barnes-Smith** appointment was needed to gain access to the building. One could argue that an appointment would not have been given to the **Plaintiff(s)**.

242. **Plaintiff(s)** believes, and therefore alleges, **Defendant Barnes-Smiths** statements to the police officers about **Plaintiff(s)** being given the opportunity to adopt her Pets back was an attempt to malign and impugn the **Plaintiff(s)** and make her appear as disgruntled and angry.

243.  **Defendant Barnes-Smith** in furtherance of her wrongdoing, on January 3 2021, told attorney Jackie Pearce, an officer of the court and Director of the Manzelle-Giznette Center, that **Plaintiff(s)** 'wasn't getting her pets back and they were being put up for adoption.  As January 3rd predates January 27th, **Defendant Barnes-Smith** was fully aware that the statements she uttered to the officers of Pacific Grove Police Department about **Plaintiff(s)** were untrue, thus violating Ca. Penal Code 148.5.

244.  Due to the actions and/or omissions of the **Defendant(s)** named in this action, **Plaintiff(s)** lost her ability to receive the help she was entitled to from city and/or county officials.

## FIFTEENTH CAUSE OF ACTION
### Misuse of Public Position

245.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

246.  **Defendant(s) Burnham, Lujan, Lewis, Camacho** and **Barnes-Smith** are recognized as public officials due to their employment and/or appointment within the county government.

> '*Public Official- (15) means any elected official, **appointed** official or **employee** of –(A) a Federal, State or local unit of government. . .' Institute of Law, Cornel*

247.  **Plaintiff(s)** believes, and therefore alleges, that the Defendant(s) named in this action are guilty of moral turpitude. (Ca. Gov. Code 19572, (f), (h), (m), (t), (w))

248.  **Defendant**(s) named above in this action, willfully with intent and consciousness of thought engaged in the actions and/or conduct described in this complaint.

249.  **Defendant Barnes-Smith** willfully, with malice and consciousness of thought, defamed **Plaintiff(s)** with utterances to third parties that include a city councilman and a member of **MCAC/SAC's** advisory board.

250.  **Defendant Barnes-Smith** willfully, with intent to deceive the court and pervert the civil court proceedings, did so commit the act of perjury when testifying at a June 7th 2022 hearing

1  where **Defendant Barnes-Smith** informed the court that **Plaintiff's Pets** 'were well taken care of'

2  and that **Gizmo** was adopted out and Stinky was in foster care.

3     251.  **Plaintiff(s)** believes, and therefore alleges that **Defendant Barnes-Smith** knew she

4  was committing perjury because **Plaintiffs Pet Stinky** was in fact **DEAD**.

5     252.  **Defendant Barnes-Smith's** attorney, **Liz Cristi**, failed to remonstrate her client about

6  the false testimony that **Plaintiff(s)** Pets were well taken care of.  Judge Vallarta previously

7  ordered **Defendant Barnes-Smith** and Attorney **Cristi** to '**produce the animals'**. **Plaintiff(s)**

8  believes this order was not honored as **Plaintiff(s)** pet was already **DEAD**. Attorney **Cristi** would

9  have been aware of this if she were to honor the order. Attorney **Cristi failed** to inform the court

10  of the falsehood from her client.  (Ca. Penal Code 118 '*perjury*')

11                *State Bar of California-Rule 4.1 (b) [1] [3]   Truthfulness in Statements to Others*

12                        '*In the course of representing a client a lawyer shall not knowingly:*

13                (b) *fail to disclose a material fact to a third person when disclosure*

14                        *is necessary to avoid assisting a criminal or fraudulent act.*

15                [1]  *A lawyer is required to be truthful when dealing*

16                        *with others on a clients behalf but generally has no*

17                        *affirmative duty to inform an opposing party of relevant*

18                        *facts.*  A **non-disclosure** can be the equivalent of a false

19                        statement of material fact of law under this paragraph.

20                [3] **Under Rule 1.2.1.**- a lawyer is prohibited from counseling

21                        or assisting a client in conduct that the lawyer knows is criminal

22                        or fraudulent.

23                **Business & Professions Code** 6106- '*The commission of any act*

24                        *involving moral turpitude, dishonesty, or corruption,*

25                        *whether the act is committed in the course of his relations*

26                        *as an attorney or otherwise, and whether the act is a felony*

27                        *or misdemeanor or not, constitutes a cause for disbarment'*

28

**Rule 8.4- Misconduct-** 'It is *professional misconduct for a*

*lawyer to:*

[a] violate or *attempt to violate the **Rules of Professional***

***Conduct** knowingly assist or induce another to do so or do*

*so through **the acts of another**.*

[c] *engage in conduct involving dishonesty, fraud, or*

**Misrepresentation.**

253. In a subsequent hearing on October 3rd 2023, Judge Vallarta denied having made the above orders to the **Defendant Barnes-Smith** and her Attorney **Ms. Cristi.** The ZOOM recording of the hearing has been subpoenaed.

254. Both the recordings, from **ZOOM** and from **Attorney Cristi SHOULD** reflect the same orders as spoken by Judge Vallarta.

255. Attporney **Cristi's** client **Defendant Barnes-Smith** is a public official. **Defendant Barnes Smith** committed perjury when she told the court that the pets 'were being taken care of" when the **Defendant** knew one of the animals was in fact dead. **Defendant Barnes-Smith** continued to violate the law by being a member of **MCAC/SAC** advisory boards. (87103(d)). **Defendant Barnes-Smith** falsely reported **Plaintiff** to the Pacific Grove Police Department. (Ca. Penal Code 148.5)

256. The acts by **Defendant Barnes-Smith** constitute **MORAL TURPITUDE.** The described actions by **Defendant Barnes-Smith** are easily checked through the **County** of **Monterey** and the Pacific Grove Police Department.

257. **Attorney Cristi** was made aware of her client's moral turpitude as a public official and Director of Animal Friends Rescue Project. Attorney Cristi's fiduciary duty is to the organization and only by extension, **Defendant Barnes-Smith.**

258. The duty to not misrepresent facts or law to others includes a lawyer agreeing with statements he or she knows are false.

259. **Defendant Barnes-Smith,** due to her behavior, conduct, wrongdoing and gross mismanagement of AFRP that pre-dated her conduct and wrongdoing toward Plaintiff, was **FORCED** by the Board of Directors of AFRP to resign as executive Director.

260. Attorney Cristi and/or the law firm, after being presented with a suit against Defendant AFRP and Defendant Barnes-Smith, should have immediately reached out to the Board of Directors.

261. Due to their lack of due diligence, AFRP was permitted to operate without a full Board of Directors which is a violation of IRS regulations and allowed Defendant Barnes-Smith to run AFRP and continue her wrongdoing with complete autonomy as only a Board can fire an Executive Director of a corporation.

## SIXTEENTH CAUSE OF ACTION

### Civil Rights Violation 42 USC 1985-(Ca. Penal Code 182)

### Collusion/Conspiracy

262. **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

263. **Defendant(s)** one and all inclusively, as named in this complaint, did so willingly with malice and forethought, conspire, collude, and aid and abet with one another against **Plaintiff**(s) to rightfully keep and or reclaim her **Pets**.

264. The acts and/or omissions of **All Defendant(s)** named in this complaint, could not be accomplished without the collusion, and aid and abetting of the others.

265. **Defendant(s)** conduct was so extreme as to go beyond the bounds of decency and be regarded as intolerable in a civilized society.

266. As a direct and legal result of the wrongful conduct and/or omissions of the **Defendant(s)** and each of them, **Plaintiff(s)** suffered, and continues to suffer, the injuries and damages hereinabove set forth.

267.  In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare of the Pets as described herein and the rights of the **Plaintiff(s)**. Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

## <u>SEVENTEENTH CAUSE OF ACTION</u>

### Gross Negligence

### Ca. Code Regs. Tit. 22, § 71811

268.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above as fully set forth herein.

269.  Due to the actions of the **Defendant**(s) **MCAC/SAC**, **Burnham**, **Lewis**, **Camacho**, and **Lujan** and the breach of their legal duty to comply with **Ca. Penal Code § 597**, **Plaintiff(s)** was deprived of her Pets, her rights to reclaim them and her constitutional rights.

270.  **Defendants** named above in this action, were under statutory duty to comply with Ca. Penal Code § 597.

271.  **Defendant Barnes-Smith** did so willfully, illegally retain possession of **Plaintiff(s) Pets** and was blatantly indifferent to the welfare and general health of the **Plaintiffs Pets** in her care.

271.  **Plaintiff(s)** believes, and therefore alleges, **All Defendant**(s) named in this action acted with malice and deliberate intent to deprive **Plaintiff(s)** of her rights and the ability to reclaim her **Pets**.

272.  **Defendant**(s) acted in conscious disregard of the probability that Plaintiff(s) and her **Pets**, particularly, 18 year old cat **Stinky**, would suffer severe emotional distress.

273.  **Defendant(s)** conduct was so extreme as to go beyond the bounds of decency and be regarded as intolerable in a civilized society.

1   274. As a direct and legal result of the wrongful conduct and/or omissions of the

2   **Defendant(s)** and each of them, **Plaintiff(s)** and her Pets, suffered, and continues to suffer, the

3   injuries and damages hereinabove set forth.

4   275.   In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with

5   oppression, fraud and malice and with conscious and willful disregard for the health, safety and

6   general welfare of the Pets in their care and the rights of the **Plaintiff(s)**. Such actions were done

7   with malice oppression and/or fraud and was and is despicable, shocking and offensive.

8

9                          **<u>EIGHTEENTH CAUSE OF ACTION</u>**

10                              **Trespass to Chattels**

11   276.  **Plaintiff**(s) re-alleges and incorporates by reference each and every paragraph above

12   as though fully set forth herein.

13   277. **Defendant**(s) MCAC/SAC, **Burnham** did not have the legal authority to give Plaintiffs

14   **Pets, Stinky and Gizmo,** over to Defendant Barnes-Smith and AFRP due to the violation of Ca.

15   Penal Code § 597.

16   278. Thusly, **Defendant Barnes**-Smith did not have authority to retain **Stinky** and **Gizmo**

17   and subsequently adopt out Gizmo.

18   279.  **Defendant Barnes-Smiths** refusal to return **Plaintiff's** beloved **Pets** is repugnant and

19   belies all credulity.

20   280.  **Defendant Barnes-Smith** was only concerned with the relationship with **MACA,**

21   **Burnham** and the county and not the welfare of animals her organization claims to care so deeply

22   about.

23   281.  **Defendant**(s) acted willfully, with malice and consciousness of thought, and intent to

24   cause severe emotional distress to **Plaintiff(s)** and her **Pets,** and/or acted in conscious disregard of

25   the probability that **Plaintiff** (s) would suffer severe emotional distress. **Defendant(s)** conduct was

26   so extreme as to go beyond the bounds of decency and be regarded as intolerable in a civilized

27   society.

28

282. As a direct and legal result of the wrongful conduct and/or omissions of the **Defendant(s)**, **Plaintiff**(s) suffered, and continues to suffer, the injuries and damages hereinabove set forth.

283. In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare of the Pets in their care and the rights of the **Plaintiff(s)**. Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

## NINETEENTH CAUSE OF ACTION

### Civil Rights 1st Amendment-Retaliation

284. **Plaintiff**(s) re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

285. **Plaintiff**(s) believes, and therefore alleges, that there is a **causal** connection between **Plaintiff** and **Defendant(s)** named in this action as adverse action was taken against **Plaintiff(s)** due to her complaints (protected activity) against them.

286. **Plaintiff**(s) illness was used against her; was refused a disclosure due to her 'making too many phone calls'; and was given stipulations that were unlawful and without authority.

> *"Retaliation, by definition, is an "intentional" act, it is a form of discrimination because the complainant is being subjected to different treatment"*

287. **Defendant(s)** named in this action acted willfully, with consciousness of thought with intent to cause severe emotional distress to **Plaintiff(s)** and her **Pets,** acted in conscious disregard of the probability that **Plaintiff**(s) and her Pets would suffer severe emotional distress.

288. As a direct and legal result of the wrongful conduct and/or omissions of the **Defendants(s)** named in this action, **Plaintiff(s)** and her **Pets,** suffered, and continues to suffer, the injuries and damages hereinabove set forth.

289.  In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare of the Pets in their care, and rights of **Plaintiff(s)**. Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

## **TWENTIETH CAUSE OF ACTION**

### **Prohibition Against Retaliation & Coercion**

### **42 U.S.C. § 12203**

290.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

291.  **Defendant(s) Camacho** did so willfully, with malice and consciousness of thought, intimidate, attempt to coerce and/or threaten when she said she would charge **Plaintiff 'criminally'** if she did not **'surrender her pets'.**

292.  **Plaintiff(s)** believes, and therefore alleges, **Defendant(s) MACA, SAC, Burnham, Camacho, Lewis** did so willfully, with consciousness of thought, deprive **Plaintiff(s)** of her **Pets** due to her prior complaints to the city and county about their behavior and **retaliated** against her by refusing to disclose the name of the rescue group citing policy, and because, per **Defendant Lewis**, '**Plaintiff** made too many phone calls'.

293.  **Defendant(s)** named in this action acted with intent to cause severe emotional distress to **Plaintiff(s)** and her **Pets** and/or acted in conscious disregard of the probability that **Plaintiff(s)** would suffer severe emotional distress. As a direct and legal result of the wrongful conduct and/or omissions of the **Defendant(s)** and each of them, **Plaintiff(s)** and her **Pets** suffered, and continues to suffer, the injuries and damages hereinabove set forth.

294.  In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare of the **Pets** in their care and the rights of **Plaintiff(s)**. Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

1

**TWENTYFIRST CAUSE OF ACTION**

2

**Reparation/Unjust Enrichment**

3   295.  **Plaintiff(s)** re- alleges and incorporates by reference each and every paragraph above

4   as though fully set forth herein.

5   296.  Due to the actions of the **Defendant(s)** one and all, named in this complaint,

6   **Plaintiff(s)** was deprived of her **Pets** and her rights to reclaim them.

7   297.  **Defendant(s) Barnes-Smith** did so willfully, with malice and consciousness of

8   thought, adopt out the **Plaintiff's Pet** known as **Gizmo**.

9   298.  **Defendant(s) Barnes-Smith** and **AFRP** were thusly **unjustly enriched** by the

10  selling/adoption fee paid by the adoptee.

11  299.  **Defendant(s)** one and all acted with intent to cause severe emotional distress to

12  **Plaintiff(s)** and/or acted in conscious disregard of the probability that **Plaintiff(s)** and her **Pets**,

13  would suffer severe emotional distress.

14  300.  As a direct and legal result of the conduct and/or omissions of the **Defendant(s)** and

15  each of them, **Plaintiff(s)** and Stinky and Gizmo, suffered, and continues to suffer, the injuries and

16  damages hereinabove set forth.

17  301.  In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with

18  oppression, fraud and malice and with conscious and willful disregard for the health, safety and

19  general welfare of **Stinky** and **Gizmo**.  Such actions were done with malice oppression and/or

20  fraud and was and is despicable, shocking and offensive.

21

22

**TWENTY-SECOND CAUSE OF ACTION**

23

**Civil Rights Violation 18 USC 1509**

24

**Obstruction of Justice**

25  302.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above

26  as set though fully set forth herein.

27

28

1    303. **Defendant Martin,** did so willfully fail to honor a court ordered subpoena to

2    **PRODUCE DOCUMENTS** for the June 7th Writ of Possession Hearing'.

3    304. **Plaintiff(s)** believes and there alleges that **Defendant Martin** was instructed by

4    **Defendant Barnes-Smith** not to honor said subpoena.

5    305.  The documents requested were from internal notes from **Defendant Martin** vising

6    **Defendant Barnes-Smith** not to return **Pets** back to Plaintiff due to '**Neglect'.**

7    306.  No injunctive or other civil relief against the conduct made criminal by this section

8    shall be denied on the grounds that such conduct is a crime.

9    307. **Defendant Martin** based her assessment on information provided by **Defendant**

10    **Barnes-Smith** and **MCAC/SAC.**

11    308. **Defendant Martin** was sent, via e-mail, **ALL MEDICAL RECORDS** for the **Pets**

12    described herein, refuting claims of neglect. The medical records were either ignored or intercepted

13    by **Defendant Barnes-Smith.**

14    309**. Defendant(s)** named in this action acted with willful and malicious intent to keep Pets

15    from Plaintiff and a conscious disregard of a court ordered subpoena and the law that governs her

16    profession.

17    310. **Defendant(s)** acted in conscious disregard of the probability that **Plaintiff**(s) and her

18    **Pets** would suffer severe emotional distress.

19    311.  Keeping an 18 year old animal from the only owner it has ever known is

20    unconscionable and belies credulity.

21    312.  Further, **Defendant Barnes-Smith** and her attorney, **Liz Cristi** did so willfully with

22    consciousness of thought and malice, ignored a direct order from Judge Vallarta to 'Produce the

23    Animals'. They did not obey the order and merely indicated to the court that the 'animals were

24    being taken care'.

25    313.  As a direct and legal result of the wrongful conduct and/or omissions of the

26    **Defendant(s)** and each of them, **Plaintiff(s)** suffered, and continues to suffer, the injuries and

27    damages hereinabove set forth.

28

COMPLAINT

314. In doing the wrongful and intentional act as alleged in this action, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare of the Pets in their care. Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

### TWENTY-THIRD CAUSE OF ACTION

### Civil Rights Violation 42 USC 1983- Judicial Misconduct/Bias

### 28 USC 144

315. **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph as though fully set forth herein.

316. **Plaintiff**(s) believes and therefore alleges that Judge Vanessa Vallarta failed to be impartial in her actions, behaviors and/or rulings in Superior Court case 22CV001071 and would be perceived as bias by the common person and/or prejudicial on its face.

317. Prior to taking a judgeship, Judge Vallarta was the city attorney of Salinas. Her position as city attorney would be to provide the law to the city agencies one of which is Salinas Animal Control. Judge Vallarta would have more than a fundamental knowledge of, and subsequent

318. In May 2022 a 'Writ of Possession' hearing took place in Superior Court, an action brought by this complainant, to try to reclaim her **Pets** from **Defendant Barnes-Smith**.

319. **Plaintiff**(s) informed Judge Vallarta that a subpoena for **PROOF OF LIFE** of the animals and a subpoena for records were ignored. Defendant Barnes-Smith and her attorney were told to produce the animals and honor the subpoenas and the hearing was postponed to the following week.

320. In June 2022 at the next Writ hearing the records and animals were once again not produced. Judge Vallarta in open court said, 'she didn't think 'Writ of Possession' was applicable in this situation' and that **Plaintiff** should be suing the animal control agency.

321. At the time of this hearing, **Defendant Barnes-Smith** was, and still is, in possession of the **Pets** described herein. The person and/or persons in possession of the property/animals

described in the action, are who the Writ would be served upon. Judge Vallarta then went on to say that she really wasn't well versed on the writ of possession in this application and Plaintiff explained how the process works for live animals:

    1. Should the Writ be granted, the sheriff would serve the Writ on the named party, take possession of the animals and place them in a licensed kennel.

    2. **Plaintiff** would incur the cost of the kennel.

322. Judge Vallarta asked **Defendant Barnes-Smith** if **Plaintiff** could visit the pets while the case is conducted. **Defendant Barnes-Smith** stated that she didn't want to subject her employees to **Plaintiffs** behavior. **Defendant Barnes-Smiths'** attorney said, 'but your honor, there is the little matter of the **FELONY** charge'.

323. Judge Vallarta immediately ruled against Plaintiff(s) and had her clerk to print out the letter from the D.A. and the Bailiff brought it over to **Plaintiff**.

324. The letter indicated only that **Plaintiff** was in violation of Ca. Penal Code § 597.

325. Judge Vallarta claimed ignorance of the particulars of this law.

326. If this was the case, the more appropriate course of action would have been to post-pone the hearing until the details of the charges could be ascertained.

327. **Plaintiff** filed a motion asking to recuse Judge Vallarta on the grounds that a common person could and more importantly **would** perceive bias as Judge Vallarta was the city attorney tasked with providing legal advice to the advisory board of which Defendant **Barnes-Smith** was and is an active member.

> '*170.6 does not require the attorney or party to state the*
> *reasons for his allegation of prejudice, the statute in effect*
> *delegates to the representatives of the executive branch and*
> *to private litigants the legislative power to define the legal*
> *grounds for disqualification of trial judges and because*
> *section 170.6 neither requires proof of such allegation of*
> *prejudice nor permits judicial review of its truth, the statute*

1
2
3

*in effect delegates to the same persons the judicial power to*
*determine whether such a ground in fact exists in the particular*
*case in which it is invoked'.*

4       328.   Judge Vallarta actions toward **Plaintiffs** ability to handle and file her own paperwork
5   were disparaging and inappropriate. **Plaintiff** had the right paperwork for the Writ of Possession
6   Hearing.

7       329.   Judge Vallarta allowed **Defendant Barnes-Smith** to comment on the potential charge
8   but did not allow the **Plaintiff** to rebut citing 'irrelevancy'.

9       330.   Judge Vallarta kept extending out the court dates even though this could potentially be
10  a death warrant for the live animals in question. When **Plaintiff** told the judge that this would end
11  the life of her 18 year old cat, Judge Vallarta blamed the **Plaintiff** for filing an **appeal.**  There is
12  no other remedy to a judge's ruling but to file an appeal. **Plaintiff** has the right to file an appeal
13  and should not be admonished in open court for utilizing that right.

14      331.   **Plaintiff's** only other recourse would be to write to **PRESIDING JUDGE PAM**
15  **BUTLER**.

16      332.   Judge Butler, after Judge Hood went out sick, presided over **Plaintiff(s)** criminal
17  preliminary hearing and bound it over for trial.

18      333.   Judge Pam Butler is on the Board of Directors for Rancho Cielo Youth Program that
19  was founded by then Supervisor and retired judge and prosecutor, John Phillips and Don Chapin.

20      334.   **Defendant Barnes-Smith** was appointed to the **MCAC/SAC** advisory board by John
21  Phillips and in the employ of Don Chapin as his personal assistant for 14 years.

22      335.   There was more than a probability that Judge Butler knew Defendant Barnes-Smith
23  as they would likely attend the same fund-raising events at Rancho Cielo.

24      336.   **Plaintiff(s)** filed a motion to transfer venue but the court has no record of it. The
25  Defendant was served properly as evidenced by the **OPPOSITION MOTION** that was filed.

26
27
28

337.  **Plaintiff(s)** is cognizant of the fact that there is no civil action allowed against a judge but the behavior of the judges as cited in this complaint, were improper and exhibited a substantial perception of bias against **Plaintiff**(s).

## <u>TWENTY-FORTH CAUSE OF ACTION</u>

### Civil Rights Violation 42 USC 1983- Derivative Claim-Loss

### Of Consortium

338.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

339. **ALL Defendant**(s) named in this complaint did so act in concert to deprive **Plaintiff**(s) of her **pets**.

340. The **Pets** described herein, were not intangible pieces of property but living things with intrinsic sentient value.

341. **Defendant D.A**. charged and attempted to prosecute **Plaintiff(s)** for 'Neglect and Abuse of an Animal'.

342. If one can be charged with this type of crime then **Plaintiff(s)** argues that the Pets described herein, **DO** have intrinsic **SENTIENT VALUE** and their loss **will** illicit the same emotional consequences as the loss of a human counterpart.

343. **Plaintiff(s)** beloved **Pets Stinky** and **Gizmo** were part of the family and held to the same regard as a human family member.

344. **Stinky** in particular, was with **Plaintiff** for **18 years**.

345. As a direct and legal result of the wrongful conduct and/or omissions of the **DEFENDANTS** and each of them, **Plaintiff**(s) more importantly, Stinky and Gizmo, suffered, and continue to suffer, the injuries and damages hereinabove set forth.

1

## TWENTY-FIFTH CAUSE OF ACTION

2

### Civil Rights Violation 42 USC 1983-Derivative Claim

3

### Loss of Society/Companionship

4      346.  **Plaintiff**(s) re-alleges and incorporates by reference each and every paragraph above

5   as set forth herein.

6      347. **ALL Defendant**(s) named in this complaint, did so act, in concert to deprive

7   **Plaintiff**(s) of her **PETS**.

8      348.  The **Pets** described herein were not intangible property but living things with implied

9   sentient value.

10      349.  **Defendant**(s) **D.A.** charged and attempted to prosecute **Plaintiff**(s) with the crime

11   'Abuse and Neglect of an Animal'.

12      350.  If one can be charged with this type of crime then Plaintiff argues that the **PETS**

13   described herein **DO** have intrinsic sentient value and the loss of these **Pets WILL** illicit the same

14   emotional consequences as that of a human counterpart.

15      351.  **Plaintiff**(s) beloved Pets **Stinky** and **Gizmo** were members of the family and held in

16   the same regard as a human family member.

17      352.  **Stinky**, in particular, was with **Plaintiff** for **18 years**.

18      353.  As a direct and legal result of the wrongful conduct and/or omissions of the

19   **Defendant(s)** and each of them, **Plaintiff**(s) and just as importantly, her **Pets**, suffered, and

20   continue to suffer, the injuries and damages hereinabove set forth.

21

22   ## TWENTY-SIXTH CAUSE OF ACTION

23   ### Malicious Prosecution

24      354.  **Plaintiff**(s) re-alleges and incorporates by reference each and every paragraph above

25   though fully set forth herein.

26      355. **Defendant**(s) **D.A, Duffy** and **A.D.A. Does**, did willfully with malice and

27   consciousness of thought, accuse **Plaintiff**(s) with FELONLY NEGLECT AND ABUSE OF AN

28

1    ANIMAL and with concert of actions, and malicious and overzealous reach, did so attempt to

2    prosecute **Plaintiff(s)** that could have resulted in incarceration for 1-3 years.

3        356.  **Plaintiff(s)** would later be offered **DIVERSION** with a stipulation that 'you can't

4    own a pet for a year'.

5        357.  Had **Plaintiff(s)** agreed to this stipulation, to close this matter, **Plaintiff(s)** would not

6    have been able to reclaim her **Pets** from **Defendant Barnes-Smith** through her civil action in

7    Superior Court.

8        358.  **Plaintiff(s)** believes and therefore alleges that, **Defendant(s)** named in this action,

9    acted solely at the behest of **Defendant SPCA** who was contacted after **Plaintiff(s)** argued with

10   **Defendant Sullenberger** over a surgery that at the time, was not in the pet's best interest.

11       359.  **Defendant(s) SPCA, Barnes-Smith/AFRP, Bluepearl/Sullenberger** enjoy a mutual

12   relationship whereas **SPCA** and **Barnes-Smith** utilize the services of **Bluepearl.**

13       360. **Plaintiff(s)** believes and therefore alleges that, **Defendant Imwalle,** CFO/Vice

14   President for **SPCA** initiated the complaint against **Plaintiff(s)** due to **Defendant Imwalle's** past

15   employment relationship with **Defendant Barnes-Smith**.

16       361.  Pursuant to Bus. & Prof. Code 4830.7 (a)

17              "whenever any licensee under this chapter has  reasonable cause

18                  to believe an animal under its care has been a victim of animal abuse

19                  or cruelty, as prescribed in § 597 of the Penal Code, it shall be

20                  the **DUTY** of the licensee to promptly report it to the proper

21                  law enforcement authorities of the county, city, or city and county

22                  in which it occurred'.

23       362.  **Defendant Sullenberger** is a 'mandated reporter'.  If he so believed that **Plaintiff** was

24   an animal abuser, it should have been reported at the time the animal was in their care. **Defendant**

25   **Sullenberger** breached the standard of care mandated by the Veterinary Board of Medicine,

26   violated Ca. Penal Code § 597 **AND** Bus. Pro. Code § 4830.7.  His actions were due to his hubris

27   and ego and he was complicit with and colluded with **Defendant(s) SPCA** and **Barnes-Smith** and

28

due to their business and/or personal relationship, falsely accused **Plaintiff**(s) of neglect and abuse of an animal. Thusly, he is not entitled to the protection provided by Bus. & Prof. Code § 4830.7.

363. As a direct and legal result of the wrongful conduct and/or omissions of the **Defendant(s)** and each of them, **Plaintiff(s)** suffered, and continues to suffer, the injuries and damages hereinabove set forth.

364. In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare of the animal in their car and rights of **Plaintiffs**. Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

## **TWENTY-SEVENTH CAUSE OF ACTION**

### **Abuse of Process**

365. **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

366. **Defendant(s) D.A., Duffy,** and **A.D.A Does**, did willfully, with malice consciousness of thought, accuse **Plaintiff**(s) of FELONY NEGLECT AND ABUSE OF AN ANIMAL and with concert of actions, with malicious and overzealous reach, did so attempt to prosecute **Plaintiff(s)** that could have resulted in incarceration of 1-3 years.

367. **Plaintiff(s)** would later be offered **DIVERSION** with a stipulation that 'you cannot own a pet for a year'.

368. Had **Plaintiff(s)** agreed to this stipulation, to close this matter, **Plaintiff(s)** would not have been able to reclaim her **Pets** from **Defendant Barnes-Smith/AFRP** through her civil action in Superior Court.

369. **Plaintiff(s)** believes and therefore alleges that, **Defendant(s)** named in this action, acted solely at the behest of **Defendant SPCA** who was contacted after **Plaintiff** argued with **Defendant Sullenberger** over a surgery for another pet that was not, at the time in the pet's best interest.

370. **Defendant(s) SPCA, Barnes-Smith/AFRP** and **Bluepearl/Sullenberger** enjoy a mutual relationship whereas, **SPCA** and **Barnes-Smith/AFRP** utilize the services of **Bluepearl**.

371. **Plaintiff(s)** believes and therefore alleges that **Defendant Imwalle**, CFO/Vice President for **SPCA** initiated the complaint against **Plaintiff**(s) due to **Defendant Imwalle's** past employment relationship with **Defendant Barnes-Smith**.

372. **ALL Defendant(s)** conduct and concert of actions were so extreme and pervasive as to go beyond the bounds of decency and be regarded as intolerable in a civilized society.

373. As a direct and legal result of the wrongful conduct and/or omissions of the **Defendant(s)** and each of them, **Plaintiff(s)** suffered, and continues to suffer, the injuries and damages hereinabove set forth.

374. In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare and rights of **Plaintiff(s).** Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

### TWENTY-EIGHTTH CAUSE OF ACTION
#### Cruel & Unusual Punishment

375. **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above as though fully set forth herein.

376. **Defendant(s) D.A.,** Duffy and A.D.A. Does, did willfully with malice and consciousness of thought, accuse **Plaintiff(s)** of **FELONY ABUSE AND NEGLECT OF AN ANIMAL** and, in concert of actions, with malicious and overzealous reach, did so attempt to prosecute **Plaintiff(s)** that could have resulted in incarceration of 1-3 years.

377. **Plaintiff(s)** would later be offered **DIVERSION** with stipulation 'that you cannot own a pet for a year'.

378.  Had **Plaintiff** agreed to this stipulation, to close this matter, **Plaintiff** would not have been able to reclaim her Pets from **Defendant Barnes-Smith** through her civil action in Superior Court.

379.  **Plaintiff(s)** believes and therefore alleges that **Defendant(s)** named in this action acted solely at the behest of **Defendant SPCA** who was contacted after **Plaintiff(s)** argued with **Defendant Sullenberger** over a surgery for another pet that, at the time, was not in its best interest.

380.  **Defendant(s) SPCA, Barnes-Smith/AFRP** and **Sullenberger/Bluepearl**, enjoy a mutual relationship as **SPCA** and **AFRP** utilize the services of **Bluepearl**.

381.  **Plaintiff(s)** believes and therefore alleges, that **Defendant Imwalle**, CFO/Vice President for SPCA initiated the complaint due to her past employment relationship with **Defendant Barnes-Smith**.

382.  **ALL Defendant**(s) conduct and concert of actions was so extreme and pervasive as to go beyond the bounds of decency and be regarded as intolerable in a civilized society.

383.  As a direct and legal result of the wrongful conduct and/or omissions of the **Defendant(s)** and each of them, **Plaintiff(s)** suffered, and continues to suffer, the injuries and damages hereinabove set forth.

384.  In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare and rights of **Plaintiff(s)**. Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

385.  **Plaintiff(s)**, after submitting documentation as to the collusion of the named **Defendant(s)**, the charges were dropped in '**The Interest of Justice**'.

### TWENTY-NINTH CAUSE OF ACTION

### Civil Rights Violation 42 USC 1983-Negligence/Intentional

### Damages, Injuries, Destruction of Live Property

386.  **Plaintiff(s)** re-allege and incorporates by reference each and every paragraph above as though fully set forth herein.

387. Due to the actions of the **Defendant(s) MACA/SAC, Burnham, Lujan, Camacho,** and **Lewis** willfully breach their legal duty and **Plaintiff**(s) was deprived of her **Pets** and her rights.

388. **Defendant(s)** named above, were under statutory duty to comply with Ca. Penal Code §597. **Defendant(s)** named above, with intent and consciousness of thought, did so illegally seize, withhold, and euthanize some of the **Pets** herein described.

389. **ALL Defendant(s)** acted in concert with intent to deprive **Plaintiff** of her **Pets** and her rights.

390. As a direct and legal result of the wrongful conduct and/or omissions of the **DEFENDANTS** and each of them, Plaintiff(s) suffered, and continues to suffer, the injuries and damages hereinabove set forth.

391. In doing the wrongful and intentional acts as herein alleged, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare and rights of **Plaintiff(s)**. Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

## THIRTIETH CAUSE OF ACTION

### Civil Rights Violation 42 USC 1983- 4ᵗʰ Amendment- Injuries

### Due to Deprivation of Constitutional Rights

392. **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above as set forth herein.

393. As a direct and legal result of the wrongful conduct and/or omissions of **ALL Defendant(s), Plaintiff(s)** suffered, and continues to suffer, the injuries and damages hereinabove set forth.

394. In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted with oppression, fraud and malice and with conscious and willful disregard for the health, safety and general welfare and rights of **Plaintiff(s)**. Such actions were done with malice oppression and/or fraud and was and is despicable, shocking and offensive.

1

2

**THIRTY-FIRST CAUSE OF ACTION**

3

**Intentional Infliction of Emotional Distress**

4

    395.  **Plaintiff(s)** re-alleges and incorporates by reference each and every paragraph above

5

as though fully set forth herein.

6

    396.  Due to the actions of the **Defendant(s)** and the breach of their legal duty Plaintiff was

7

deprived of her pets.

8

    397.  **Defendant(s)** one and all acted with intent to cause severe emotional distress to

9

**Plaintiff(s)** and/or acted in conscious disregard of the probability that **Plaintiff(s)** would suffer

10

severe emotional distress. **Defendant(s)** conduct was so extreme as to go beyond the bounds of

11

decency and be regarded as intolerable in a civilized society.

12

    398.  As a direct and legal result of the wrongful conduct and/or omissions of the

13

**Defendant(s)** and each of them, **Plaintiff(s)** suffered, and continues to suffer, the injuries and

14

damages hereinabove set forth.

15

    399.  In doing the wrongful and intentional act as herein alleged, **Defendant(s)** acted witha

16

oppression, fraud and malice and with conscious and willful disregard for the health, safety and

17

general welfare and rights of **Plaintiff(s).** Such actions were done with malice oppression and/or

18

fraud and was and is despicable, shocking and offensive.

19

20

**THIRTY-SECOND CAUSE OF ACTION**

21

**Ex-Parte Writ of Possession/Replevin/Conversion**

22

    400.  **Plaintiff(s)** respectfully asks the District court upon transfer of this case, to address

23

and to render an immediate ruling on a motion of **Ex-Parte Writ of Possession** in the event that

24

**Plaintiff(s)** beloved **Pets** are still alive.

25

    401.  A formal complaint, a copy of this complaint, witness list, Veterinary Medical Board

26

Complaint, and any and all pertinent evidence, has been forwarded to the **State Bar of California**

27

and the **State Judicial Commission**.

28

COMPLAINT

## PRAYOR FOR RELIEF

Wherefore, **Plaintiff**(s) prays the District Court enters judgement in their favor on every claim for relief set forth above.

    1. Punitive/Exemplary Damages

    2. General

    3. Compensatory

Dated:. May 18 2024

By: _Trisha Tennyson_

Trisha Tennyson    *In pro per*

## JURY DEMAND

**Plaintiff** respectfully requests a jury trial on all issues triable.

Dated: May 18 2024

By: _Trisha Tennyson_

Trisha Tennyson    *In pro per*