Daniel R. Friedenthal, Esq., SBN: 136847
Jay D. Brown, Esq., SBN: 143522
FRIEDENTHAL, HEFFERNAN & BROWN, LLP
1520 W. Colorado Boulevard, Second Floor
Pasadena, California  91105
Telephone:  (626) 628-2800
Facsimile:    (626) 628-2828

Attorneys for Defendants, ANIMAL FRIENDS RESCUE PROJECT and MARIA SKYTTA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| TRISHA TENNYSON,<br><br>  Plaintiff,<br><br>v.<br><br><br><br>COUNTY OF MONTEREY, et al.,<br><br>  Defendants. | CASE NO. 5:24-cv-03191-EKL<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 12, 2025<br>Time: 1:30 p.m.<br>Ctrm: 7; Fourth Floor<br>Judge: Hon. Eumi K. Lee<br><br>Action Filed:  5/28/24<br>Trial Date: None |
|---|---|

TO PLAINTIFF, ANTONIO WILLIAMS, IN PRO SE:

PLEASE TAKE NOTICE that on February 12, 2025, at 1:30 p.m. or as soon thereafter as the matter may be heard in the above-entitled court before the Honorable Eumi K. Lee, Courtroom 7, Fourth Floor, 280 South First Street, San Jose, California, defendants, Animal Friends Rescue Project and Maria Skytta, will move the court to dismiss the action of pro se plaintiff, Trisha Tennyson, pursuant to Federal Rules of Civil Procedure 12(b)(6) because plaintiff's complaint fails to state a claim upon which relief can be granted on the following grounds:

/ / /

1. Plaintiff has failed to plead facts, as opposed to conclusory allegations, that would support any cause of action against these moving defendants.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and on the records, pleadings and files in this action.

DATED:  October 15, 2024                FRIEDENTHAL, HEFFERNAN & BROWN, LLP

By *Daniel R. Friedenthal*
DANIEL R. FRIEDENTHAL, ESQ.
JAY D. BROWN, ESQ.
Attorneys for Defendants, ANIMAL FRIENDS RESCUE PROJECT and MARIA SKYTTA

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, Trisha Tennyson, has filed a complaint that, to the extent that it is intelligible, appears to be in regard to the removal of cats from plaintiff's possession by Monterey County Animal Control. It appears from plaintiff's own pleading that she had two older cats, six "juveniles" and "two litters of 2-3 week old" kittens living in plaintiff's car. Plaintiff demands the return of the two older cats, which plaintiff appears to claim were placed by Animal Control with Animal Friends Rescue Project and placed for adoption.

Out of the foregoing, plaintiff has concocted a multitude of causes of action, most of which appear to have nothing to do with these demurring defendants. Indeed, plaintiff does not allege a single fact demonstrating any act or omission by Maria Skytta. Plaintiff's "facts" do not support claims for civil rights violations, emotional distress or "loss of consortium" against Animal Friends Rescue Project. Defendants request, therefore, that the court dismiss plaintiff's complaint.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on or about October 21, 2021, Monterey County Animal Control seized two older cats, "Stinky" and "Gizmo," along with six "juveniles" and "two litters of 2-3 week old" kittens living in plaintiff's car. (Compl., page 4, lines 11-26.)

Plaintiff makes various civil rights violation claims against governmental defendants and names specific individuals who she claims defamed her, but there are no clear allegations f fact demonstrating any liability, or possible liability on the part of Animal Friends Rescue Project and/or Maria Skytta. (Compl., page 20, line 22 – page 22, line 12.)

/ / /

/ / /

## III. PLAINTIFF'S COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED

On a motion to dismiss pursuant to F.R.C.P. 12(b)(6), the factual allegations of the complaint must be accepted as true and the claim may only be dismissed if plaintiff is not entitled to legal relief under the facts alleged. *Rothman v. Vedder Park Mgt.* (9th Cir. 1990) 912 F.2d 315, 316, citing *Western Research Oil & Gas Co. v. New* (9th Cir. 1985) 765 F.2d 1428, 1430. In spite of the presumption given to a plaintiff's factual allegations, his complaint may not be comprised purely of conclusory allegations, but must provide factual support for each element of his causes of action. This is especially true concerning civil rights and other claims filed by pro se litigants. *Ivey v. Bd. of Regents* (9th Cir. 1982) 673 F.2d 266.

To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must state a "facially plausible" claim for relief. (*Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F3d 1035, 1041.) Plaintiff's complaint come nowhere close to this standard.

The causes of action that appear to relate to these moving defendants, Animal Friends Rescue Project and Maria Skytta, are as follows:

16. "Civil Rights Violation 42 USC 1985 – (CA Penal Code 182) Collusion/Conspiracy," (against all defendants);

17. "Gross Negligence, CA Code Regs. Tit. 22, Sect. 71811," (all defendants);

19. "Civil Rights 1st Amendment-Retaliation," (all defendants);

21. "Reparation/Unjust Enrichment," (Animal Friends Rescue Project);

24. "Civil Rights Violation 42 USC 1983 – Derivative Claim – Loss of Consortium," (all defendants);

25. "Civil Rights Violation 42 USC 1983 – Derivative Claim – Loss of Society/Companionship," (all defendants);

30. "Civil Rights Violation 42 USC 1983 – 4th Amendment – Injuries Due to Deprivation of Constitutional Rights," (all defendants);

1   31. "Intentional Infliction of Emotional Distress," (all defendants).

Plaintiff has not alleged a single fact demonstrating that defendants, Animal Friends Rescue Project and Maria Skytta, were responsible for plaintiff's alleged damages in the foregoing named causes of action.  Plaintiff has not shown how her "constitutional rights" were implicated in any manner, whatsoever, by the removal of the subject cats.  Indeed, it appears that defendants named by plaintiff in this matter acted entirely appropriately to rescue animals that were not being properly cared for.

Plaintiff has no claim for loss of consortium or loss of companionship as California restricts those claims to a lawfully married **spouse** of an injured person. (*Vanhooser v. Superior Court* (2012) 206 Cal.App.4th 921, 927.)  There is no claim for loss of a pet.

Similarly, plaintiff's claim for intentional infliction of emotional distress lacks merit because he has not pled **facts** demonstrating that he has suffered severe emotional distress because of any act or omission by defendant, or that there was any outrageous conduct by defendant.  (*Christensen v. Superior Court* (1991) 54 Cal.3d 868, 906; *Truestone Inc. v. Travelers Insurance Co.* (1976) 55 Cal.App.3d 165, 171; *Fletcher v. Western Nat. Life Ins. Co.* (1970) 10 Cal.App.3d 376, 394.)  In fact, California courts have restricted emotional distress recovery for injury to animals to instances of intentional and malicious harm to the animal.  (*Plotnik v. Meihaus* (2012) 208 Cal.App.4th 1590, 1607.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IV.     CONCLUSION

Pursuant to the foregoing, defendants request that the court grant the motion to dismiss for failure to state a claim upon which relief may be granted with prejudice.

DATED:  October 15, 2024            FRIEDENTHAL, HEFFERNAN & BROWN, LLP

                                    By  *Daniel R. Friedenthal*
                                        DANIEL R. FRIEDENTHAL, ESQ.
                                        JAY D. BROWN, ESQ.
                                        Attorneys for Defendants, ANIMAL FRIENDS RESCUE PROJECT and MARIA SKYTTA