1  SUSAN K. BLITCH, SBN 187761
   County Counsel
2  JANET L. HOLMES, SBN 107639
   Assistant County Counsel
3  AERIN C. MURPHY, SBN 286899
   Deputy County Counsel
4  County of Monterey, Office of the County Counsel
   168 West Alisal Street, Third Floor
5  Salinas, California 93901
   Telephone: (831) 755-5045
6  Facsimile: (831) 755-5283
   Email: MurphyAC@countyofmonterey.gov
7

8  Attorneys for Defendant Monterey County District Attorney

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Jose Division

| | |
|---|---|
| TRISHA TENNYSON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF MONTEREY, et. al.<br><br>　　　　　　Defendant. | CASE NO. 24-CV-03191-EKL<br><br>DEFENDANT COUNTY OF MONTEREY DISTRICT ATTORNEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Complaint Filed: October 1, 2024<br>Trial Date: N/A<br><br>Hearing Date:　January 22, 2025<br>Time:　　　　　10:00 a.m.<br>Judge:　　　　Honorable Eumi K. Lee |

**TO: PLAINTIFF TRISHA TENNYSON:**

PLEASE TAKE NOTICE THAT ON January 22, 2025, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 7, of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Defendant County of Monterey District Attorney (the "District Attorney") will move the Court for dismissal of the Complaint of Plaintiff Trisha Tennyson as it pertains to the County of Monterey pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

1

*Tennyson v. Monterey County, et. Al.*　　　　　　　　　　　　　　　　　　　　　Case No. 24-CV-03191-EKL
DEFENDANT COUNTY OF MONTEREY DISTRICT ATTORNEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES

Defendant's motion is made on the following grounds and as more fully set forth in the following memorandum of points and authorities:

1. Plaintiff's 24th Cause of Action for Loss of Consortium fails because the cause of action does not allege sufficient facts to state a claim upon which relief may be granted.

2. Plaintiff's 25th Cause of Action for Loss of Society and Companionship fails because the cause of action does not allege sufficient facts to state a claim upon which relief may be granted.

3. Plaintiff's 26th Cause of Action for Malicious Prosecution fails because the cause of action does not allege sufficient facts to state a claim upon which relief may be granted and is facially barred as a matter of law by the District Attorney's immunities.

4. Plaintiff's 27th Cause of Action for Abuse of Process fails because the cause of action does not allege sufficient facts to state a claim upon which relief may be granted and is facially barred as a matter of law by the District Attorney's immunities.

5. Plaintiff's 28th Cause of Action for Cruel and Unusual Punishment fails because the cause of action does not allege sufficient facts to state a claim upon which relief may be granted and is facially barred as a matter of law by the District Attorney's immunities.

This motion will be based upon this Notice, the supporting Memorandum of Points and Authorities, the pleadings on file in this action, any Request for Judicial Notice filed herewith, and such other matters as may be properly presented at the hearing of this motion.

Dated: October 15, 2024
SUSAN K. BLITCH
County Counsel

By: /s/Aerin C. Murphy
AERIN C. MURPHY, Deputy County Counsel
Attorneys for Defendant
COUNTY OF MONTEREY

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff brings her complaint against 23 public officials, private individuals, private businesses, and government entities, citing 31 causes of action. Defendant Monterey County District Attorney ("District Attorney") understands that Plaintiff's grievances stem from her beloved pet cats, specifically Stinky and Gizmo, being removed from her while she was hospitalized. [See Complaint.] As to District Attorney, Plaintiff makes the following allegations:

- District Attorney filed baseless and overzealous charges against Plaintiff. [Complaint, ¶ 26.]
- Plaintiff believes these baseless charges and overzealous actions were an attempt to delay a separate civil suit brought by Plaintiff "and to protect, honor, and/or respect the unethical relationship the Defendant(s) enjoy." [Complaint, ¶ 27.]
- District Attorney is responsible for prosecuting criminal matters in the county, and until 2019 had a dedicated animal unit. [Complaint, ¶¶ 62, 123, 124.]
- District Attorney charged and attempted to prosecute Plaintiff for Negligent Abuse of an Animal. [Complaint, ¶¶ 341, 349.]
- District Attorney, willfully and with malice and consciousness of thought, accuse Plaintiff of felony Neglect and Abuse of an Animal, "and with concert of actions, and malicious and overzealous reach, did so attempt to prosecute Plaintiff… could have resulted in incarceration for 1-3 years." [Complaint, ¶¶ 355, 366, 376.]

Other than the allegations listed, there are no additional references to District Attorney in Plaintiff's Complaint. Based on these allegations, Plaintiff brings five causes of action against the District Attorney: Loss of Consortium, Loss of Society and Companionship, Malicious Prosecution, Abuse of Process, and Cruel and Unusual Punishment. Plaintiff does not, however, states facts sufficient to maintain any of these causes of action. In addition, District Attorney is immune from the Malicious Prosecution, Abuse of Process, and Cruel and Unusual Punishment causes of action. On that basis, District Attorney's Motion to Dismiss should be granted.

///

3

*Tennyson v. Monterey County, et. Al.*     Case No. 24-CV-03191-EKL
DEFENDANT COUNTY OF MONTEREY DISTRICT ATTORNEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). See Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiffs "factual allegations [in the complaint] 'must... suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, *supra*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. When reviewing a motion to dismiss, "determining whether a complaint states a plausible claim for relief will... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Balistreri v. Pac. Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint... may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, *supra*, 765 F.3d at 1135. Conclusory allegations or "formulaic recitation of the elements" of a claim are not entitled to the presumption of truth. *Iqbal*, *supra*, 556 U.S. at 681.

The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, the court is not required to accept as true "allegations that are merely conclusory, unwarranted

4

*Tennyson v. Monterey County, et. Al.*          Case No. 24-CV-03191-EKL
DEFENDANT COUNTY OF MONTEREY DISTRICT ATTORNEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES

deductions of fact, or unreasonable inferences." *In re: GileadScis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Similarly, a court "need not ... accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). See *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994). A court may, however, consider exhibits submitted with the Complaint. *Id*. at 453-54. Also, a court may consider documents which are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Id*. at 454. Further, it is proper for the court to consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201. *Mir, M.D. v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir.1988).

A motion to dismiss should be granted with prejudice when the claims subject to the motion are futile because they cannot be saved by amendment. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

### III. ARGUMENT

#### a. Plaintiff's 24th Cause of Action for Loss of Consortium and 25th Cause of Action for Loss of Society and Companionship fail because these causes of action do not allege sufficient facts to state a claim upon which relief may be granted.

Plaintiff argues that her pets Gizmo and Stinky were not personal property, but instead were living beings with sentient value. [Complaint, ¶ 340, 348.] Plaintiff argues that the loss of Gizmo and Stinky "will illicit the same emotional consequences as the loss of a human counterpart." [Complaint, ¶ 342, 350.] Plaintiff therefore brings causes of action for loss of consortium and loss of society and companionship. [Complaint, Causes of Action 24 and 25.] These are not federal causes of action, but California state law causes of action.

Loss of consortium refers to "The loss of love, companionship, affection, society, sexual relations, and moral support." *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal. 3d 382, 385 (1974). In California, loss of companionship is not a separate cause of action from loss of consortium.

5

*Tennyson v. Monterey County, et. Al.*  Case No. 24-CV-03191-EKL
DEFENDANT COUNTY OF MONTEREY DISTRICT ATTORNEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES

Rather, loss of companionship is one of the elements included within a loss of consortium claim. *Id.* There are four elements to a cause of action for loss of consortium: "(1) a valid and lawful marriage between the plaintiff and the person injured at the time of the injury; (2) a tortious injury to the plaintiff's spouse; (3) loss of consortium suffered by the plaintiff; and (4) the loss was proximately caused by the defendant's act." *Vanhooser* v. *Superior Court* (2012) 206 Cal.App.4th 921, 927.

Here, there are numerous reasons why Plaintiff's 24th and 25th Causes of Action fail to state claims. Most notably, Plaintiff does not and cannot allege that any valid or lawful marriage existed between her and either cat Gizmo or cat Stinky. She therefore cannot bring any cause of action for loss of consortium or loss of society and companionship regarding to her relationship with either cat.

In addition, while a pet owner may recover the reasonable cost of veterinary care, recovery for emotional distress or loss of companionship is not permitted under California law because pets are considered personal property. *McMahon v. Craig*, 176 Cal. App. 4th 1502, 1509 (2009). Plaintiff's causes of action as to her pets are therefore not actionable.

### b. Plaintiff's 26th Cause of Action for Malicious Prosecution and 27th Cause of Action for Abuse of Process fail because theses causes of action do not allege sufficient facts to state a claim upon which relief may be granted, and are facially barred as a matter of law by the District Attorney's immunities.

Plaintiff argues that District Attorney, through its employee District Attorney Duffy ("Duffy") "did so attempt to prosecute Plaintiff" for felony neglect and abuse of an animal. [Complaint, ¶ 355 and 366.] On that basis, Plaintiff brings claims of Malicious Prosecution, and of Abuse of Process. [Complaint, Causes of Action 26, 27.] These are not federal causes of action, but instead California state law causes of action.

To District Attorney's knowledge, Duffy has not been served or appearing in the instant lawsuit. District Attorney concedes that Duffy was employed by District Attorney at all times relevant to this lawsuit.

In California, "abuse of process" refers to the misuse of legal procedures within an existing lawsuit for an improper purpose, while "malicious prosecution" refers to the wrongful

6

*Tennyson v. Monterey County, et. Al.*            Case No. 24-CV-03191-EKL
DEFENDANT COUNTY OF MONTEREY DISTRICT ATTORNEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES

initiation of a lawsuit without probable cause, with the primary intent to harm the defendant; essentially, abuse of process focuses on how the legal process is used, while malicious prosecution focuses on the reason for filing the lawsuit in the first place.

California Government Code section 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." In sum, government employees are immune from malicious prosecution and abuse of process claims. Duffy is therefore immune from these causes of action.

California Government Code section 815.2(b) provides: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." In sum, if an employee is immune from liability, so too is the municipality.

In *Cappuccio*, *Inc.* v. *Harmon* (1989) 208 Cal.App.3d 1496, the court clarified that Government Code section 821.6, which provides malicious prosecution and abuse of process immunity for public employees, also applies to public entities. The court held that if the employee is immune under section 821.6, the public entity employing that individual is also immune. The rationale is that a public entity can only act through its employees, and if an employee is immune, so too is the entity.

Duffy is immune from any malicious prosecution or abuse of process claims. District Attorney is therefore also immune from these causes of action.

### c. Plaintiff's 28th Cause of Action for Cruel and Unusual Punishment fails because the cause of action does not allege sufficient facts to state a claim upon which relief may be granted, and is facially barred as a matter of law by the District Attorney's immunities.

Plaintiff argues that District Attorney "did so attempt to prosecute Plaintiff" for felony neglect and abuse of an animal. [Complaint, ¶ 376.] On that basis alone, Plaintiff brings cause of action of Cruel and Unusual Punishment. [Complaint, Cause of Action 28.] This cause of action contains no additional facts in support, related to District Attorney.

7

It has already been established that District Attorney cannot be held liable for malicious prosecution, so any claim that Plaintiff has suffered "cruel and unusual punishment" on that basis is similarly without merit. [See analysis re: Causes of Action 26 and 27.]

## IV. CONCLUSION

Plaintiffs causes of action as to District Attorney all fail to state facts sufficient to establish claims. Moreover, her causes of action based on District Attorney's attempt to prosecute Plaintiff cannot be maintained due to District Attorney's immunities. District Attorney's Motion to Dismiss should therefore be granted. Based on the arguments of Plaintiff and the facts she has presented, the deficiencies in these causes of action cannot be cured. Therefore, District Attorney respectfully requests that this motion be granted, with prejudice.

Dated: October 15, 2024

SUSAN K. BLITCH
County Counsel


By: /s/Aerin C. Murphy
AERIN C. MURPHY, Deputy County Counsel
Attorneys for Defendant
COUNTY OF MONTEREY

8

*Tennyson v. Monterey County, et. Al.*     Case No. 24-CV-03191-EKL
DEFENDANT COUNTY OF MONTEREY DISTRICT ATTORNEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES